COPY

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| BRIAN CUMMINGS, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    NO. _____ |
| v. | ) |
| | ) |
| BRETTON KEEFER, on behalf of the deceased, | ) |
| CHESTA SHOEMAKER, and JEANNE | ) |
| BURTON, Trustee on behalf of CUMMINGS | ) |
| MANOOKIAN, PLC, | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

The Plaintiff, for this attorney's lien cause of action, respectfully states to the Court and trier of fact as follows:

### PARTIES, VENUE, AND JURISDICTION

1.      The Plaintiff, Brian Cummings ("Mr. Cummings"), is an adult resident of Tennessee.

2.      The majority of legal work performed by Mr. Cummings on behalf of his former client, and a Defendant in this action, Bretton Keefer, on behalf of the deceased, Chesta Shoemaker, was performed in Davidson County, Tennessee.

3.      The Defendant in this action, Bretton Keefer ("Mr. Keefer"), on behalf of the deceased, Chesta Shoemaker, received the benefit of Mr. Cummings' time, legal work, and financial funding of his previously-filed and now resolved health care liability, wrongful death lawsuit that bore docket number 19C358 in the Davidson County, Tennessee Circuit Courts ("the Keefer matter"). The original Complaint in the Keefer matter was prepared and filed in February

1

2019, by Mr. Cummings, who was, at that time, a partner in Cummings Manookian, PLC ("Cummings Manookian"), a law firm based in Davidson County, Tennessee.

4.    Mr. Cummings voluntarily withdrew from Cummings Manookian in 2018, leaving Brian Manookian ("Mr. Manookian") as the only remaining Member of Cummings Manookian. The financial situation of Cummings Manookian changed after Mr. Cummings' withdrawal from the firm to the extent that Mr. Manookian put Cummings Manookian into bankruptcy proceedings.

5.    Jeanne Burton is the Trustee for Cummings Manookian in those bankruptcy proceedings.

6.    Attorney work was done on the Keefer matter by Brian Cummings while he was still a Member at Cummings Manookian, but that work was a very small percentage of the overall time and work performed by Mr. Cummings on the Keefer matter.

7.    The original Complaint filed in the Keefer matter by Mr. Cummings in February 2019, listed attorney Afsoon Hagh ("Ms. Hagh") as co-counsel with Mr. Cummings for Mr. Keefer. That Complaint properly identified Mr. Cummings as being with his new firm, Cummings Law, and that Complaint properly identified Ms. Hagh as being with her firm at that time, Cummings Manookian.

8.    Jeanne Burton, as Trustee in bankruptcy for Cummings Manookian, is a proper party to this matter because some portion of the attorney work done related to the attorney's lien issue was performed by at least one attorney while such an attorney was still a part of Cummings Manookian and because the monetary value of the attorney work by any attorneys who at the time of that work were a part of Cummings Manookian makes that monetary amount a concern / asset of the Cummings Manookian bankruptcy proceeding.

Case 3:23-ap-90036 Doc 1-1 Filed 03/13/24 Entered 03/13/23 15:09:30 Desc
State Court Documents    Page 2 of 41

COPY

9.     Venue and jurisdiction are appropriate with the Circuit Courts of Davidson County, Tennessee.

## FACTS AND CLAIMS

10.     Mr. Cummings signed Mr. Keefer as a client on behalf of Cummings Manookian in 2017 via an Attorney-Client Agreement ("CM Agreement"). The CM Agreement included a contingency fee provision, and the fee was to be earned by Cummings Manookian, via work performed by Brian Cummings and/or Brian Manookian only if Mr. Keefer received a monetary award via settlement, judgment, or award from the Keefer matter.

11.     Mr. Cummings continued to work on the Keefer matter after leaving Cummings Manookian in 2018, including with the knowledge and consent of Mr. Keefer and for the benefit of Mr. Keefer and the other beneficiaries of the Keefer matter.

12.     Mr. Cummings performed legal work on the Keefer matter for over three years until he withdrew as counsel for Mr. Keefer in October 2020.

13.     Mr. Cummings withdrew as counsel in October 2020 after separate oral statements to him by Ms. Hagh and by Mr. Keefer during an approximately one week period indicated that their working relationships were strained.  Mr. Cummings promptly called the Tennessee Board of Professional Responsibility ("BPR") asking if those statements required him to withdraw as counsel, and he was told by the BPR with no equivocation and with no qualification that he was required to withdraw as counsel and to do so as soon as possible.

14.     Mr. Cummings' withdrawal as counsel was not a choice he made, and it was not a voluntary withdrawal, because it was the comments by the client and by co-counsel, Ms. Hagh, that led to the situation that resulted in the BPR telling Mr. Cummings he was required to

3

EFILED 03/22/22 09:19 AM CASE NO. 22C546 Richard R. Rooker, Clerk

withdraw as soon as possible because he could no longer properly and ethically represent Mr. Keefer based on the comments made by Ms. Hagh and by Mr. Keefer.

15. Mr. Cummings was ethically required to follow the instructions and advice of the BPR in response to what action to take based on the comments made to him by Mr. Keefer and by Ms. Hagh.

16. In October 2020, Mr. Cummings provided a private letter to Mr. Keefer and Ms. Hagh communicating his withdrawal as counsel, and informing Mr. Keefer and Ms. Hagh that Mr. Cummings understood he was ethically required to withdraw as counsel based on the comments that Mr. Keefer and Ms. Hagh had very recently made. Neither Mr. Keefer nor Ms. Hagh ever communicated to Mr. Cummings orally or in writing that they had any factual or legal dispute with regard to the content of Mr. Cummings' October 2020 letter to them that communicating that Mr. Cummings believed he was required to withdraw as counsel because of the comments made by Ms. Hagh and by Mr. Keefer.

17. In October 2020, Mr. Cummings filed a Motion to Withdraw as Counsel for the Plaintiff ("Motion to Withdraw"). By the time that the Motion to Withdraw was filed, Mr. Keefer and Ms. Hagh had received a copy of Mr. Cummings October 2020 letter stating that Mr. Cummings believed he was ethically required to withdraw as a result of the comments made by Ms. Hagh and by Mr. Keefer, and neither Mr. Keefer nor Ms. Hagh filed any type of Response in any way disputing or opposing the Motion to Withdraw.

18. On November 20, 2020, the Fifth Circuit Court entered an Order granting Mr. Cummings' Motion to Withdraw as Counsel.

4

COPY

19.     On November 27, 2020, Mr. Cummings filed, in the Keefer lawsuit, a document entitled "Brian Cummings' Notice of Attorney's Lien" and this document cited Tennessee Code Annotated section 23-2-102.

20.     Mr. Keefer and Ms. Hagh learned of the filing of Brian Cummings' Notice of Attorney's Lien within days of its filing, including Ms. Hagh receiving a copy through the Circuit Court's electronic filing system.

21.     According to the publicly-available information on Caselink regarding the Davidson County Circuit Courts, the Fifth Circuit Court approved a settlement involving minor beneficiaries in the Keefer matter in October 2021.

22.     The Circuit Court approved a settlement in this matter involving at least one minor beneficiary, and therefore the Court also found that the amount of the settlement was acceptable/reasonable, and any such Court-approval included approving the total attorneys' fee.

23.     Tennessee Code Annotated section 23-2-102 provides a lien upon a plaintiff's or complainant's right of action from the date of the filing of the suit.

24.     Prior to the filing of the lawsuit, Mr. Cummings performed all aspects of the intake of the case, including meeting with and signing the client within two days of the death of the client's mother.

25.     After a review of the records from Vanderbilt Hospital, Mr. Cummings prepared the detailed expert summary letter which became the basis of the Complaint and the basis of the detailed summary letter sent to all experts.

26.     Mr. Cummings attended the presuit mediation as the only attorney on behalf of the Plaintiff.

27.     Mr. Cummings prepared and timely filed the 550 paragraph, 65 page, Complaint.

5

28.    Mr. Cummings prepared and propounded a significant portion of the written discovery propounded upon the Defendant. Mr. Cummings worked with the Plaintiff in preparing all of Plaintiff's written responses to discovery, at least through October 2020.

29.    Mr. Cummings contacted and retained all Rule 26 witnesses including all of the medical experts.

30.    After the filing of the Complaint and written discovery, Mr. Cummings continued to work diligently on behalf of the Plaintiff, including, but not limited to, (a) keeping Mr. Keefer updated regarding case events, answering questions he had, and working with him and meeting with him to prepare his typed, formal responses to written discovery, (b) contacting, retaining, and preparing and sending summaries of case materials (including deposition testimony and responses to written discovery) and copies of the underlying case materials to all of Mr. Keefer's eventual Rule 26 experts (and being the only attorney for Mr. Keefer to do so), of which there were eight or more medical experts and one expert economist, (c) preparing Mr. Keefer for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (d) preparing Edward Goodwin, the decedent's boyfriend/fiancé for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (e) taking or defending approximately 14 of the approximately 30 depositions that occurred (some of these depositions were the same witness deposed in two parts / two depositions), and (f) preparing and serving Mr. Keefer's original approximately 85 page Rule 26 disclosures (and being the only attorney for Mr. Keefer to do so).

31.    The entire duration of the Keefer matter from the time of signing the client to the Court approval referenced herein was 54 months.

COPY

32.    Mr. Cummings was counsel or co-counsel on the Keefer matter from April 2017 through October 2020, which is 42 months.

33.    Mr. Cummings' involvement for 42 months of the 54 months of the total duration of the Keefer matter represents 78% of the total duration of the Keefer matter.

34.    Another attorney, Brian Manookian ("Mr. Manookian"), did some of the work on the Keefer matter, including Mr. Manookian doing some of the work while Mr. Manookian was still a Member at Cummings Manookian.

35.    Mr. Manookian was not listed as counsel of record for Mr. Keefer when the original Complaint was filed – only Mr. Cummings and Ms. Hagh were.

36.    Mr. Manookian has never informed Mr. Keefer, Ms. Hagh, or Mr. Cummings that he is seeking any amount of an attorney's fee from the Keefer matter.

37.    Mr. Manookian has never filed a Notice of Attorney's Lien regarding the Keefer matter.

38.    During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he and his firm, Cummings Law, paid over $60,000.00 in litigation expenses incurred during that period of time on the Keefer matter.

39.    During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he paid 90-100% of the litigation expenses incurred during that period of time.

40.    By the time of Mr. Cummings' withdrawal, he had tried approximately 20 healthcare liability actions to verdict, including as second-chair or first-chair, and including trials in healthcare liability trials in the Fifth Circuit Court of Davidson County, Tennessee.

7

41. By the time of Mr. Cummings' withdrawal, he had successfully completed the oral exam and the written exam to become Board certified in Medical Malpractice by the American Board of Professional Liability Attorneys (ABPLA) and he was certified accordingly.

42. Mr. Keefer and the other beneficiaries in this matter have already received their net proceeds from the Keefer matter minus the litigation expenses and minus a total 33.33% attorneys' fee.

43. To date, Mr. Cummings has not been paid or provided an attorney's fee for his 42 months of involvement and work on the Keefer matter that has apparently settled with Court approval.

44. At this point, the amount of money determined to be provided to Mr. Cummings related his work in this matter and related to his attorney's lien does not change the amount of net proceeds to Mr. Keefer or the other beneficiaries from the Keefer matter.

45. The amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien affects what amount of money Ms. Hagh receives for her attorney work on the Keefer matter.

46. John Edwards ("Mr. Edwards"), an attorney from North Carolina, was co-counsel for Mr. Keefer at the end of this matter for less than 12 months.

47. Mr. Edwards and his law firm were already provided with an agreed-to amount of attorneys' fees amount for their work in this matter.

48. At this point, the amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien has no effect on the amount of attorneys' fees paid to Mr. Edwards and his law firm.

EFILED 03/22/22 09:19 AM CASE NO. 22C546 Richard R. Rooker, Clerk

49.     Mr. Cummings attempted to resolve this attorney's lien issue via mediation in late 2021, during which time Ms. Hagh represented Mr. Keefer on the attorney's lien issue, but that mediation effort did not resolve the matter.

50.     In filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that arbitration was required on the attorney's lien issue, and Judge Joseph Binkley of the Fifth Circuit Court told Ms. Hagh to speak with Mr. Keefer to allow Mr. Keefer to choose if he wanted to proceed with arbitration or waive that option. Months have passed since that instruction by Judge Binkley, and during that time counsel for Mr. Cummings has repeatedly asked Ms. Hagh in writing if Mr. Keefer was choosing to arbitrate the issue, and Ms. Hagh has communicated that she and Mr. Keefer claim to not understand what issue required resolution regarding Mr. Cummings' attorney's lien and have never communicated that Mr. Keefer chooses arbitration. Consequently, any potential right Mr. Keefer may have had to require arbitration of the attorney's lien issue was declined and/or was waived.

51.     Also in filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that any litigation regarding the attorney's lien issue had to proceed via a lawsuit filed separately from the Keefer healthcare liability matter. In accordance with that position of Mr. Keefer as stated by Ms. Hagh that a separate lawsuit was required to be filed to address the attorney's lien issue, this present action is filed.

52.     Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work he performed on the Keefer matter if he was required to withdraw as counsel under our factual situation.

9

EFILED 03/22/22 09:19 AM CASE NO. 22C546 Richard R. Rooker, Clerk

53.    Mr. Cummings has never entered into an agreement of any kind that waived his right to an attorney's lien, including the right to an attorney's lien that arose at the time he filed the Keefer matter in 2019.

54.    Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work if he withdrew as counsel for any reason if Mr. Keefer had existing co-counsel continuing to be available for Mr. Keefer and who stayed involved in the matter.

55.    The statute that provides the applicable right to an attorney's lien for Mr. Cummings, Tenn. Code Ann. section 23-2-102, does not include any exclusionary language or provisions by which such a right to an attorney's lien can be waived or negated by any facts or alleged circumstances after an attorney filed the applicable lawsuit on behalf of a plaintiff.

56.    While the award amount of the settlement is unknown and confidential, Mr. Cummings is entitled to a fee for his involvement in the Keefer matter, including pursuant to his timely-filed Notice of Attorney's Lien and pursuant to the common law issues, including based on equity and unjust enrichment to Ms. Hagh.

Plaintiff's prayers for relief are:

1.    That the Defendants be served and required to answer as required by law.

2.    That Plaintiff be granted a hearing and that when it becomes known what the amount of the settlement is, Plaintiff be granted a judgment of 40% of the total attorneys' fee of 33% of the settlement calculated prior to litigation expenses being deducted in that settlement accounting.

3.    For general relief.

Respectfully submitted,


/s/ James W. Price, Jr.
**JAMES W. PRICE, JR., #3538**
Price, Hill, & Kolarich
201 4th Avenue N., Suite 1800
Nashville, TN 37219
(615) 244-5772 – phone
(615) 244-5821 - fax
Jprice@pricehillkolarich.com
*Attorney for the Plaintiff*

11

COPY

CIRCUIT COURT SUMMONS                                                          NASHVILLE, TENNESSEE

Service ID 285093

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

BRIAN CUMMINGS

                                                              Plaintiff

vs.

BRETTON KEEFER OBO CHESTA (DECEASED)
SHOEMAKER
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

                                                              Defendant

|  |  |
| --- | --- |
| CIVIL ACTION | |
| DOCKET NO. 22C546 | |
| Method of Service: | |
| Personal Service | |

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 03/22/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: ＿＿＿＿＿＿＿＿＿＿＿＿＿

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVENUE N., SUITE 1800
NASHVILLE, TN 37219

---

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

COPY

EFILED 03/22/22 09:19 AM CASE NO. 22C546 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                      NASHVILLE, TENNESSEE

Service ID 285093

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20™ JUDICIAL DISTRICT

BRIAN CUMMINGS

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Personal Service

                                              Plaintiff

vs.

BRETTON KEEFER OBO CHESTA (DECEASED)
SHOEMAKER
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

                                              Defendant

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ _____ _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:

_____

_____ failed to serve this Summons within 90 days after its issuance because _____

_____


_____
                                    Sheriff/Process Server


To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

COPY

EFILED 03/22/22 09:19 AM CASE NO. 22C546 Richard R. Rooker, Clerk

**CIRCUIT COURT SUMMONS**                                    NASHVILLE, TENNESSEE

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 285094

BRIAN CUMMINGS

                                                    CIVIL ACTION
                                                    DOCKET NO. 22C546
                                    **Plaintiff**    Method of Service:
VS.                                                 Certified Mail

JEANNE (TRUSTEE) BURTON OBO CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

                                    **Defendant**

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 03/22/2022                        **RICHARD R. ROOKER**
                                           Circuit Court Clerk
                                          Davidson County, Tennessee

                                    By: _____

                                          Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
1
NASHVILLE, TN 37201

**NOTICE TO THE DEFENDANT:**
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## CERTIFICATION

STATE OF TENNESSEE  )      I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do
COUNTY OF DAVIDSON  )      hereby certify this to be a true and correct copy of the original summons issued in this
                            case.

**rev. 09/01/2018**

COPY

RICHARD R. ROOKER, CLERK

By: _____ D.C.

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Service ID 285094

rev. 09/01/2018

COPY

CIRCUIT COURT SUMMONS                                          NASHVILLE, TENNESSEE

Service ID 285094

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

BRIAN CUMMINGS

Plaintiff

vs.

JEANNE (TRUSTEE) BURTON OBO CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, JEANNE (TRUSTEE) BURTON OBO CUMMINGS MANOOKIAN, PLC . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON

_____ DAY OF _____, 20____.

_____
_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

_____

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

COPY

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| BRIAN CUMMINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 22C546 |
| v. | ) |
| | ) |
| BRETTON KEEFER, on behalf of the deceased, | ) |
| CHESTA SHOEMAKER, AFSOON HAGH, | ) |
| and JEANNE BURTON, Trustee on behalf of | ) |
| CUMMINGS MANOOKIAN, PLC, | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

The Plaintiff, for this cause of action, respectfully states to the Court and trier of fact as follows:

### PARTIES, VENUE, AND JURISDICTION

1.      The Plaintiff, Brian Cummings ("Mr. Cummings"), is an adult resident of Tennessee.

2.      The majority of legal work performed by Mr. Cummings on behalf of his former client, and a Defendant in this action, Bretton Keefer, on behalf of the deceased, Chesta Shoemaker, was performed in Davidson County, Tennessee.

3.      The Defendant in this action, Bretton Keefer ("Mr. Keefer"), on behalf of the deceased, Chesta Shoemaker, received the benefit of Mr. Cummings' time, legal work, and financial funding of his previously-filed and now resolved health care liability, wrongful death lawsuit that bore docket number 19C358 in the Davidson County, Tennessee Circuit Courts ("the Keefer matter"). The original Complaint in the Keefer matter was prepared and filed in February

1

COPY

2019, by Mr. Cummings, who was, at that time, a partner in Cummings Manookian, PLC ("Cummings Manookian"), a law firm based in Davidson County, Tennessee.

4. Afsoon Hagh ("Ms. Hagh") was one of the attorneys who did work on behalf of Mr. Keefer in the Keefer matter, and she did some of her attorney work on this matter in Davidson County, Tennessee.

5. Mr. Cummings voluntarily withdrew from Cummings Manookian in 2018, leaving Brian Manookian ("Mr. Manookian") as the only remaining Member of Cummings Manookian. The financial situation of Cummings Manookian changed after Mr. Cummings' withdrawal from the firm to the extent that Mr. Manookian put Cummings Manookian into bankruptcy proceedings.

6. Jeanne Burton is the Trustee for Cummings Manookian in those bankruptcy proceedings.

7. Attorney work was done on the Keefer matter by Brian Cummings while he was still a Member at Cummings Manookian, but that work was a very small percentage of the overall time and work performed by Mr. Cummings on the Keefer matter.

8. The original Complaint filed in the Keefer matter by Mr. Cummings in February 2019, listed Ms. Hagh as co-counsel with Mr. Cummings for Mr. Keefer. That Complaint properly identified Mr. Cummings as being with his new firm, Cummings Law, and that Complaint properly identified Ms. Hagh as being with her firm at that time, Cummings Manookian.

9. Jeanne Burton, as Trustee in bankruptcy for Cummings Manookian, is a proper party to this matter because some portion of the attorney work done related to the attorney's lien issue was performed by at least one attorney while such an attorney was still a part of Cummings

2

Manookian and because the monetary value of the attorney work by any attorneys who at the time of that work were a part of Cummings Manookian makes that monetary amount a concern / asset of the Cummings Manookian bankruptcy proceeding.

10. Venue and jurisdiction are appropriate with the Circuit Courts of Davidson County, Tennessee.

## FACTS AND CLAIMS

11. Mr. Cummings signed Mr. Keefer as a client on behalf of Cummings Manookian in 2017 via an Attorney-Client Agreement ("CM Agreement"). The CM Agreement included a contingency fee provision, and the fee was to be earned by Cummings Manookian, via work performed by Brian Cummings and/or Brian Manookian only if Mr. Keefer received a monetary award via settlement, judgment, or award from the Keefer matter.

12. Mr. Cummings continued to work on the Keefer matter after leaving Cummings Manookian in 2018, including with the knowledge and consent of Mr. Keefer and for the benefit of Mr. Keefer and the other beneficiaries of the Keefer matter.

13. Mr. Cummings performed legal work on the Keefer matter for over three years until he withdrew as counsel for Mr. Keefer in October 2020.

14. Mr. Cummings withdrew as counsel in October 2020 after separate oral statements to him by Ms. Hagh and by Mr. Keefer during an approximately one week period indicated that their working relationships were strained. Mr. Cummings promptly called the Tennessee Board of Professional Responsibility ("BPR") asking if those statements required him to withdraw as counsel, and he was told by the BPR with no equivocation and with no qualification that he was required to withdraw as counsel and to do so as soon as possible.

15.     Mr. Cummings' withdrawal as counsel was not a choice he made, and it was not a voluntary withdrawal, because it was the comments by the client and by co-counsel, Ms. Hagh, that led to the situation that resulted in the BPR telling Mr. Cummings he was required to withdraw as soon as possible because he could no longer properly and ethically represent Mr. Keefer based on the comments made by Ms. Hagh and by Mr. Keefer.

16.     Mr. Cummings was ethically required to follow the instructions and advice of the BPR in response to what action to take based on the comments made to him by Mr. Keefer and by Ms. Hagh.

17.     In October 2020, Mr. Cummings provided a private letter to Mr. Keefer and Ms. Hagh communicating his withdrawal as counsel, and informing Mr. Keefer and Ms. Hagh that Mr. Cummings understood he was ethically required to withdraw as counsel based on the comments that Mr. Keefer and Ms. Hagh had very recently made. Neither Mr. Keefer nor Ms. Hagh ever communicated to Mr. Cummings orally or in writing that they had any factual or legal dispute with regard to the content of Mr. Cummings' October 2020 letter to them that communicating that Mr. Cummings believed he was required to withdraw as counsel because of the comments made by Ms. Hagh and by Mr. Keefer.

18.     In October 2020, Mr. Cummings filed a Motion to Withdraw as Counsel for the Plaintiff ("Motion to Withdraw"). By the time that the Motion to Withdraw was filed, Mr. Keefer and Ms. Hagh had received a copy of Mr. Cummings October 2020 letter stating that Mr. Cummings believed he was ethically required to withdraw as a result of the comments made by Ms. Hagh and by Mr. Keefer, and neither Mr. Keefer nor Ms. Hagh filed any type of Response in any way disputing or opposing the Motion to Withdraw.

4

COPY

19.　On November 20, 2020, the Fifth Circuit Court entered an Order granting Mr. Cummings' Motion to Withdraw as Counsel.

20.　On November 27, 2020, Mr. Cummings filed, in the Keefer lawsuit, a document entitled "Brian Cummings' Notice of Attorney's Lien" and this document cited Tennessee Code Annotated section 23-2-102.

21.　Mr. Keefer and Ms. Hagh learned of the filing of Brian Cummings' Notice of Attorney's Lien within days of its filing, including Ms. Hagh receiving a copy through the Circuit Court's electronic filing system.

22.　According to the publicly-available information on Caselink regarding the Davidson County Circuit Courts, the Fifth Circuit Court approved a settlement involving minor beneficiaries in the Keefer matter in October 2021.

23.　The Circuit Court approved a settlement in this matter involving at least one minor beneficiary, and therefore the Court also found that the amount of the settlement was acceptable/reasonable, and any such Court-approval included approving the total attorneys' fee.

24.　Tennessee Code Annotated section 23-2-102 provides a lien upon a plaintiff's or complainant's right of action from the date of the filing of the suit.

25.　Prior to the filing of the lawsuit, Mr. Cummings performed all aspects of the intake of the case, including meeting with and signing the client within two days of the death of the client's mother.

26.　After a review of the records from Vanderbilt Hospital, Mr. Cummings prepared the detailed expert summary letter which became the basis of the Complaint and the basis of the detailed summary letter sent to all experts.

5

COPY

27.    Mr. Cummings attended the presuit mediation as the only attorney on behalf of the Plaintiff.

28.    Mr. Cummings prepared and timely filed the 550 paragraph, 65 page, Complaint.

29.    Mr. Cummings prepared and propounded a significant portion of the written discovery propounded upon the Defendant. Mr. Cummings worked with the Plaintiff in preparing all of Plaintiff's written responses to discovery, at least through October 2020.

30.    Mr. Cummings contacted and retained all Rule 26 witnesses including all of the medical experts.

31.    After the filing of the Complaint and written discovery, Mr. Cummings continued to work diligently on behalf of the Plaintiff, including, but not limited to, (a) keeping Mr. Keefer updated regarding case events, answering questions he had, and working with him and meeting with him to prepare his typed, formal responses to written discovery, (b) contacting, retaining, and preparing and sending summaries of case materials (including deposition testimony and responses to written discovery) and copies of the underlying case materials to all of Mr. Keefer's eventual Rule 26 experts (and being the only attorney for Mr. Keefer to do so), of which there were eight or more medical experts and one expert economist, (c) preparing Mr. Keefer for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (d) preparing Edward Goodwin, the decedent's boyfriend/fiancé for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (e) taking or defending approximately 14 of the approximately 30 depositions that occurred (some of these depositions were the same witness deposed in two parts / two depositions), and (f) preparing and serving Mr. Keefer's original approximately 85 page Rule 26 disclosures (and being the only attorney for Mr. Keefer to do so).

32.     The entire duration of the Keefer matter from the time of signing the client to the Court approval referenced herein was 54 months.

33.     Mr. Cummings was counsel or co-counsel on the Keefer matter from April 2017 through October 2020, which is 42 months.

34.     Mr. Cummings' involvement for 42 months of the 54 months of the total duration of the Keefer matter represents 78% of the total duration of the Keefer matter.

35.     Another attorney, Brian Manookian ("Mr. Manookian"), did some of the work on the Keefer matter, including Mr. Manookian doing some of the work while Mr. Manookian was still a Member at Cummings Manookian.

36.     Mr. Manookian was not listed as counsel of record for Mr. Keefer when the original Complaint was filed – only Mr. Cummings and Ms. Hagh were.

37.     Mr. Manookian has never informed Mr. Keefer, Ms. Hagh, or Mr. Cummings that he is seeking any amount of an attorney's fee from the Keefer matter.

38.     Mr. Manookian has never filed a Notice of Attorney's Lien regarding the Keefer matter.

39.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he and his firm, Cummings Law, paid over $60,000.00 in litigation expenses incurred during that period of time on the Keefer matter.

40.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he paid 90-100% of the litigation expenses incurred during that period of time.

41.     By the time of Mr. Cummings' withdrawal, he had tried approximately 20 healthcare liability actions to verdict, including as second-chair or first-chair, and including trials in healthcare liability trials in the Fifth Circuit Court of Davidson County, Tennessee.

COPY

42.   By the time of Mr. Cummings' withdrawal, he had successfully completed the oral exam and the written exam to become Board certified in Medical Malpractice by the American Board of Professional Liability Attorneys (ABPLA) and he was certified accordingly.

43.   Mr. Keefer and the other beneficiaries in this matter have already received their net proceeds from the Keefer matter minus the litigation expenses and minus a total 33.33% attorneys' fee.

44.   To date, Mr. Cummings has not been paid or provided an attorney's fee for his 42 months of involvement and work on the Keefer matter that has apparently settled with Court approval.

45.   At this point, the amount of money determined to be provided to Mr. Cummings related his work in this matter and related to his attorney's lien does not change the amount of net proceeds to Mr. Keefer or the other beneficiaries from the Keefer matter.

46.   The amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien affects what amount of money Ms. Hagh receives for her attorney work on the Keefer matter.

47.   John Edwards ("Mr. Edwards"), an attorney from North Carolina, was co-counsel for Mr. Keefer at the end of this matter for less than 12 months.

48.   Mr. Edwards and his law firm were already provided with an agreed-to amount of attorneys' fees amount for their work in this matter.

49.   The remaining balance of attorney fees after Mr. Edwards received his fee are being held in the Bass, Berry, & Sims' Attorney Trust Account and will not be distributed until the dispute over attorneys' fees has been resolved.

50.     Mr. Edwards and his law firm were paid an amount of attorneys' fees from the total attorneys' fees in this matter per the terms of an agreement that Mr. Edwards and his firm had entered into with Mr. Keefer and / or Ms. Hagh as to what that split or portion of the total attorney's fee would be.

51.     During Mr. Cummings' involvement in the case, Mr. Cummings did not have an agreement with Mr. Keefer and / or Ms. Hagh as to what Mr. Cummings' split or portion of the total attorney's fee would be.

52.     At this point, the amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien has no effect on the amount of attorneys' fees paid to Mr. Edwards and his law firm.

53.     Mr. Cummings attempted to resolve this attorney's lien issue via mediation in late 2021, during which time Ms. Hagh represented Mr. Keefer on the attorney's lien issue, but that mediation effort did not resolve the matter.

54.     When Ms. Hagh represented Mr. Keefer on the attorney's lien issue, her share of the total attorney's fee would decrease based on what amount of that total attorneys' fee was provided to Mr. Cummings.

55.     In filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that arbitration was required on the attorney's lien issue, and Judge Joseph Binkley of the Fifth Circuit Court told Ms. Hagh to speak with Mr. Keefer to allow Mr. Keefer to choose if he wanted to proceed with arbitration or waive that option. Months have passed since that instruction by Judge Binkley, and during that time counsel for Mr. Cummings has repeatedly asked Ms. Hagh in writing if Mr. Keefer was choosing to arbitrate the issue, and Ms. Hagh has communicated that she and Mr. Keefer claim to not

9

understand what issue required resolution regarding Mr. Cummings' attorney's lien and have never communicated that Mr. Keefer chooses arbitration. Consequently, any potential right Mr. Keefer may have had to require arbitration of the attorney's lien issue was declined and/or was waived.

56.    Also in filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that any litigation regarding the attorney's lien issue had to proceed via a lawsuit filed separately from the Keefer healthcare liability matter. In accordance with that position of Mr. Keefer as stated by Ms. Hagh that a separate lawsuit was required to be filed to address the attorney's lien issue, this present action is filed.

57.    In 2019, Mr. Keefer entered into a new Attorney-Client Agreement regarding the Keefer matter with a firm named Manookian PLLC ("Manookian firm" and "Manookian agreement").

58.    The only attorney who signed the Manookian agreement was Mr. Manookian.

59.    The Manookian agreement was the first Attorney-Client Agreement that Mr. Keefer signed that mentioned Ms. Hagh in any way.

60.    Ms. Hagh did not have a signature line on the Manookian agreement, and Ms. Hagh did not sign the Manookian agreement.

61.    The Manookian firm was not a party to the Attorney-Client Agreement that Mr. Keefer entered into with Cummings Manookian in 2017.

62.    The Manookian agreement stated, in part, that the law firm of Cummings Manookian no longer existed, and Mr. Keefer signed and entered into the Manookian agreement.

63.    The Manookian agreement stated, in part, that a portion of the total attorneys' fees on the Keefer matter may be split with Brian Cummings of Cummings Law, and that this portion

COPY

of the attorneys' fees paid to Brian Cummings would come from the total 33.33% contingence fee.

64.     When Mr. Keefer signed the Manookian agreement in 2019, Mr. Keefer should have reasonably understood that Mr. Cummings would receive a portion of the total attorneys' fee on the Keefer matter for the legal work that Mr. Cummings performed on the Keefer matter. Mr. Cummings was not a party or signatory to the Manookian agreement.

65.     The Manookian agreement was entered into without Mr. Cummings being told by Mr. Keefer, Ms. Hagh, or Mr. Manookian about the proposal that Mr. Keefer enter into the Manookian agreement.

66.     Mr. Cummings provided legal services that benefited Mr. Keefer, and that benefitted Ms. Hagh regarding her interest in the resulting total attorney's fee, that Mr. Keefer and Ms. Hagh received, that were valuable legal services, and Mr. Cummings did so without an enforceable, written agreement with Mr. Keefer or with Ms. Hagh as to what split or portion of the total attorney's fee would be paid to Mr. Cummings under any situation.

67.     During the time period that Mr. Cummings provided legal services for Mr. Keefer during the Keefer matter, Mr. Cummings expected to be compensated for his legal work.

68.     During the time period that Mr. Cummings provided legal services for Mr. Keefer during the Keefer matter, Mr. Keefer and Ms. Hagh should have reasonably understood that Mr. Cummings expected to be compensated for his legal work on the Keefer matter.

69.     It would be unjust for Mr. Cummings to not be compensated for his legal work on the Keefer matter.

70.     Ms. Hagh would be unjustly enriched if she were to receive funds which were earned by Mr. Cummings for his service in the Shoemaker matter.

COPY

71.   Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work he performed on the Keefer matter if he was required to withdraw as counsel under our factual situation.

72.   Mr. Cummings has never entered into an agreement of any kind that waived his right to an attorney's lien, including the right to an attorney's lien that arose at the time he filed the Keefer matter in 2019.

73.   Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work if he withdrew as counsel for any reason if Mr. Keefer had existing co-counsel continuing to be available for Mr. Keefer and who stayed involved in the matter.

74.   Mr. Keefer signed and entered into two different Attorney-Client Agreements in the Keefer matter, one in 2017 and a second in 2019, and both of these Agreements referred to Mr. Cummings receiving some unidentified portion of the total attorneys' fee.

75.   The statute that provides the applicable right to an attorney's lien for Mr. Cummings, Tenn. Code Ann. section 23-2-102, does not include any exclusionary language or provisions by which such a right to an attorney's lien can be waived or negated by any facts or alleged circumstances after an attorney filed the applicable lawsuit on behalf of a plaintiff.

Plaintiff's prayers for relief are:

1.   That Defendants be served and required to answer as required by law.

2.   That upon a hearing in this matter, the Court find that it would be unjust for Mr. Cummings not be fairly compensated for the work done in the Keefer matter and that it would be further unjust for Ms. Hagh to be paid and receive the benefits of Mr. Cummings work.

12

3.    That the Court determine the amount Mr. Cummings is to be awarded for his

Involvement in the Keefer matter pursuant to his timely filed Notice of Attorney's Lien, and

pursuant to the common law remedies, including quantum meruit, unjust enrichment (to Mr.

Keefer and/or Ms. Hagh), and equality and that he be granted judgement accordingly.

4.   For general relief.

Respectfully submitted,

/s/   James W. Price, Jr.
**JAMES W. PRICE, JR., #3538**
Price, Hill, & Kolarich
201 4th Avenue N., Suite 1800
Nashville, TN 37219
(615) 244-5772 – phone
(615) 244-5821 - fax
Jprice@pricehillkolarich.com
*Attorney for the Plaintiff*

# COPY

**CIRCUIT COURT SUMMONS**                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

Service ID 286122

CUMMINGS, BRIAN

|                                                 | CIVIL ACTION |
|                                                 | DOCKET NO. 22C546 |
|                                      Plaintiff  | Method of Service: |
|                                                 | Certified Mail |

vs.

AFSOON HAGH
1906 GLEN ECHO ROAD
NASHVILLE, TN 37215

                                        Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED:  03/29/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVENUE N., SUITE 1800
NASHVILLE, TN 37219

---

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

## CERTIFICATION

STATE OF TENNESSEE  )
COUNTY OF DAVIDSON  )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

By: _____          D.C.

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

**rev. 09/01/2018**

COPY

CIRCUIT COURT SUMMONS                                NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 ᵀᴴ JUDICIAL DISTRICT

Service ID 286122

CUMMINGS, BRIAN

|  | CIVIL ACTION |
| --- | --- |
|  | DOCKET NO. 22C546 |
|  | Method of Service: |
|  | Certified Mail |

Plaintiff

vs.

AFSOON HAGH
1906 GLEN ECHO ROAD
NASHVILLE, TN 37215

Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, AFSOON HAGH . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS PERSON

_____ DAY OF _____, 20____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

_____
_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

# COPY

**CIRCUIT COURT SUMMONS**                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 286123

CUMMINGS, BRIAN

|  | CIVIL ACTION |
|  | DOCKET NO. 22C546 |
|  | Method of Service: |
|  | Certified Mail |

Plaintiff

vs.

BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

*Service ID 286123*

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 03/29/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By:  ⟨signature⟩

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVENUE N., STE 1800
NASHVILLE, TN 37219

---

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

## CERTIFICATION

STATE OF TENNESSEE  )
COUNTY OF DAVIDSON  )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

**rev. 09/01/2018**

COPY

RICHARD R. ROOKER, CLERK

By: ᎰᏫᏌᎶᏁᎾᏦ    D.C.

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Service ID 286123

rev. 09/01/2018

COPY

CIRCUIT COURT SUMMONS                                                NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 ᵀᴴ JUDICIAL DISTRICT

Service ID 286123

CUMMINGS, BRIAN

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

Plaintiff

vs.

BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS MANOOKIAN, PLC . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS PERSON

_____ DAY OF _____, 20____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

_____
_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

# COPY

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

**CIRCUIT COURT SUMMONS**                                    NASHVILLE, TENNESSEE

Service ID 286124

### STATE OF TENNESSEE
### DAVIDSON COUNTY
### 20™ JUDICIAL DISTRICT

CUMMINGS, BRIAN

                                                    Plaintiff

vs.

KEEFER, BRETTON O/B/O SHOEMAKER, CHESTA
(DECEASED)
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

                                                    Defendant

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Personal Service

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 03/29/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVE. N., STE 1800
NASHVILLE, TN 37219

---

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

Service ID 286124

COPY

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 286124

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 ᵀᴴ JUDICIAL DISTRICT

CUMMINGS, BRIAN

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Personal Service

Plaintiff

vs.

KEEFER, BRETTON O/B/O SHOEMAKER, CHESTA
(DECEASED)
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

Defendant

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ _____ _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:

_____

_____ failed to serve this Summons within 90 days after its issuance because _____

_____

_____

Sheriff/Process Server

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

COPY

**CIRCUIT COURT SUMMONS**

NASHVILLE, TENNESSEE

Service ID 285094

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20™ JUDICIAL DISTRICT

BRIAN CUMMINGS

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

Plaintiff

VS.

JEANNE (TRUSTEE) BURTON OBO CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the 22nd day of March, 2022 I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, JEANNE (TRUSTEE) BURTON OBO CUMMINGS MANOOKIAN, PLC . On the 28th day of March, 2022 I received the return receipt for said registered or certified mail, which had been signed by B. Wood on the 25th day of March, 2022 Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON,
29th DAY OF March

X _____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: 5-5-2

VICKI M. GLOVER
STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY

My Commission Expires
MAY 05, 2025
To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

rev. 09/01/2018

COPY

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Phillip Young
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, #200
Franklin, TN 37067

9590 9402 3459 7275 7326 13

2. Article Number (Transfer from service label)

7014 1820 0000 3466 3566

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent   ☒ Addressee

B. Received by (Printed Name)   C. Date of Delivery
BWood   3-25-22

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

EFILED 03/29/22 10:29 AM CASE NO. 22C540 Richard R. Rooker, Clerk

# COPY

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 285093

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20™ JUDICIAL DISTRICT

**BRIAN CUMMINGS**

Plaintiff

vs.

**BRETTON KEEFER OBO CHESTA (DECEASED)
SHOEMAKER
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083**

Defendant

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Personal Service

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the ___22___ day of ___MARCH___, 20_22_, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:

___X___ failed to serve this Summons within 90 days after its issuance because BRETTON KEEFER WAS NOT FOUND IN COURT!

_____
Sheriff/Process Server

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

**Confidential Courier Service
& Private Process Service**

611 Priscilla Ct Madison, TN 37115

Alex B. Frierson

rev. 09/01/2018

Serial ID 285093 · Service in 285093 · EFILED 03/29/22 02:50 PM CASE NO. 22C546 Richard R. Rooker, Clerk

# STATE OF TENNESSEE
## DAVIDSON COUNTY
### 20ᵀᴴ JUDICIAL DISTRICT

Service ID 286123

CUMMINGS, BRIAN

| | CIVIL ACTION |
| Plaintiff | DOCKET NO. 22C546 |
| | Method of Service: |
| | Certified Mail |

vs.

BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the __29th__ day of __March__ 20__22__ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS MANOOKIAN, PLC . On the __2nd__ day of __April__, 20__22__ I received the return receipt for said registered or certified mail, which had been signed by __B. Wood__ on the __31st__ day of __March__, 20__22__ Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON,

__19th__ DAY OF __April__, 20__22__

_Vicki M. Glover_

____ NOTARY PUBLIC or ____ DEPUTY CLERK
MY COMMISSION EXPIRES: __5-5-23__

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

VICKI M. GLOVER
STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY

My Commission Expires
MAY 05, 2023
To request an accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

COPY

SENDER: COMPLETE THIS SECTION

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to:

Phillip Young
6100 Tower Circle, #200
Franklin, TN 37067

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  ☐ Agent
        ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
   B. Wood                         3-31-22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☒ Certified Mail®         ☐ Priority Mail Express®
☐ Registered             ☐ Return Receipt for Merchandise
☐ Insured Mail           ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

Article Number
(Transfer from service label)
7014 1820 0000 3466 3771

S Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE
NASHVILLE TN 370

2 APR 2022 PM 6 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4® in this box®

James W. Price, Jr.
Price, Hill, & Kolarich
201 4th Ave., N., Ste. 1800
Nashville, TN 37219