United States Bankruptcy Court
Middle District of Tennessee

CUMMINGS,
    Plaintiff

KEEFER,
    Defendant

Adv. Proc. No. 23-90036-CMW

# CERTIFICATE OF NOTICE

District/off: 0650-3     User: admin     Page 1 of 2
Date Rcvd: Jun 18, 2024     Form ID: pdf001     Total Noticed: 4

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 20, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | PHILLIP G YOUNG, JR, THOMPSON BURTON PLLC, 1801 WEST END AVENUE, SUITE 1550, NASHVILLE, TN 37203-2604 |
| dft | | BRETTON KEEFER, on behalf of the deceased Chesta, Shoemaker |
| dft | | JEANNE BURTON, as Trustee on behalf of Cummings, Manookian PLC |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | Email/Text: ustpregion08.na.ecf@usdoj.gov | Jun 18 2024 23:09:00 | US TRUSTEE, OFFICE OF THE UNITED STATES TRUSTEE, 701 BROADWAY STE 318, NASHVILLE, TN 37203-3966 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jun 20, 2024     Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 18, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ELIZABETH SARA TIPPING | on behalf of Plaintiff BRIAN CUMMINGS etipping@nealharwell.com nnguyen@nealharwell.com |
| JOHN T. SPRAGENS | on behalf of Defendant AFSOON HAGH JOHN@SPRAGENSLAW.COM spragenslaw@ecf.courtdrive.com |

KRISTEN M SHIELDS
    on behalf of Plaintiff BRIAN CUMMINGS kristen@shieldsconstructionlaw.com

PHILLIP G YOUNG
    on behalf of Defendant JEANNE BURTON phillip@thompsonburton.com

TOTAL: 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRETTON KEEFER and AFSOON HAGH, <br><br> Appellants, <br><br> v. <br><br> BRIAN CUMMINGS and CUMMINGS MANOOKIAN, PLLC, <br><br> Appellees. | Case No. 3:23-cv-00961 <br> Bankr. Case No. 3:19-bk-07235 <br> Adv. Pro. No. 3:23-ap-90036 <br><br> Judge Aleta A. Trauger |

### MEMORANDUM and ORDER

Before the Court is the Notice of Appeal and Statement of Election filed by defendants/appellants Bretton Keefer and Afsoon Hagh. (Adv. Pro. No. 21; Doc. No. 1.)[1] The appellants have filed a Statement of Issues on Appeal and Designation of the Record and an Opening Brief. (Doc. Nos. 5, 12.)[2] The appellants appeal from the Bankruptcy Court's September 5, 2023 Order Denying Motion to Dismiss ("September 2023 Order"). (Adv. Pro. No. 20.) They also request oral argument. Trustee Jeanne Ann Burton, on behalf of the debtor, Cummings

---

[1] Citations to "Doc. No." refer to the docket number of filings made in the case in this court. Citations to "Bankr. No." are to the lead bankruptcy court docket in the underlying bankruptcy case ("Bankruptcy Case"), *In re Cummings Manookian, PLLC*, Case No. 3:19-bk-07235 (Bankr. M.D. Tenn.). Citations to "Adv. Pro. No." are to filings in the subject adversary proceeding ("Adversary Proceeding"), *Cummings v. Keefer et al.*, Adv. Pro. No. 33:23-ap-90036 (Bankr. M.D. Tenn.).

[2] The appellants have designated not only the record of the underlying adversary proceeding, but the entirety of the record in the Bankruptcy Case. (*See* Doc. No. 5, at 2.) They inexplicably appear to have filed in this court copies of all or most of the filings in the Bankruptcy Case.

Manookian, PLLC ("Debtor"),[3] and plaintiff/appellee Brian Cummings have each filed a response Brief (Doc. Nos. 13, 14), and the appellants filed a Reply (Doc. No. 17).

The court finds that a hearing on this matter is unnecessary and, therefore, **DENIES** the appellants' request for oral argument. For the reasons that follow, the court will **AFFIRM** the Bankruptcy Court's September 2023 Order denying the Motion to Dismiss and declining to compel arbitration.

I.    BACKGROUND

While both the Bankruptcy Case and the Adversary Proceeding that is the source of the present appeal have lengthy and complex histories, it suffices for present purposes to explain that, on November 6, 2019, the Debtor, a law firm formerly owned and operated by attorneys Brian Cummings and Brian Manookian, filed a Chapter 7 Voluntary Petition in the Bankruptcy Court, which was assigned to Bankruptcy Court Judge Charles M. Walker. (Bankr. No. 1.) Trustee Jeanne Ann Burton was appointed to serve as the Chapter 7 Trustee for the Debtor on the same day and continues to serve in that capacity. Appellee Afsoon Hagh, wife of Brian Manookian, was also an attorney at the Debtor's firm. Brian Cummings had withdrawn from the Debtor law firm sometime before the events unfolded that led to the bankruptcy filing. (Adv. Pro. No. 1-1, at 17–18.)

In March 2022, Cummings filed a lawsuit in the Circuit Court for Davidson County, Tennessee, against Bretton Keefer and Jeanne Burton in her capacity as Trustee. (Adv. Pro. No. 1-1, at 1.) Afsoon Hagh was added as a defendant in the Amended Complaint filed shortly thereafter. (*Id.* at 17.) In this lawsuit, Cummings seeks attorney's fees allegedly owed to him for work performed for Keefer, his former client, on a case in which Cummings and Hagh jointly

---

[3] The Debtor's correct name is apparently Cummings Manookian, PLC. It was named incorrectly as Cummings Manookian, PLLC in the bankruptcy Petition.

represented him, both while they were lawyers at the Debtor law firm and after Cummings left the firm. In the Amended Complaint, Cummings specifically avers that the Trustee for the Debtor law firm is "a proper party" because at least a small percentage of the work Cummings and Hagh performed for Keefer occurred while they were still working for the Debtor law firm. (*Id.* at 18–19.)

Cummings alleges that he involuntarily withdrew from representing Keefer in the underlying case after being told by the Tennessee Board of Professional Responsibility that he had no choice but to withdraw, in light of statements made to him by both Hagh and Keefer. He filed a Notice of Attorney's Lien in the underlying case shortly thereafter, notice of which Keefer and Hagh would have received within days of its filing. (*Id.* at 21.) Cummings further alleges that the underlying case settled for an undisclosed amount approximately one year later, and all parties agreed to the distribution of proceeds to the plaintiff, Bretton Keefer, and to a distribution of fees to another attorney who entered an appearance after Cummings withdrew. (*Id.* at 21, 24–25.) The remaining balance of the settlement is being held in an escrow account pending a judicial determination as to the division of the fees among Afsoon Hagh, Brian Cummings, and the Debtor law firm.[4] (*Id.* at 24.)

After Cummings filed suit in state court, the Trustee removed the matter to federal court, on the basis that the "Trustee is being sued in her capacity as the bankruptcy trustee for Cummings Manookian, PLLC; moreover, there is a pending adversary proceeding before the United States Bankruptcy Court for the Middle District of Tennessee involving the Trustee, as plaintiff, and

---

[4] It is unclear to the court what remaining interest in this case Keefer has, since he appears to have received all funds to which he is entitled and has no inherent interest in how the attorney's fees being held in escrow are divided among the other interested parties. (*See* Adv. Pro. No. 1-1, at 24 ¶ 24 ("At this point, the amount of money determined to be provided to Mr. Cummings . . . does not change the amount of net proceeds to Mr. Keefer . . . .").)

Afsoon Hagh, as defendant, to determine the rights to these same disputed fees (Adv. Proc. No. 20-ap-90002)." At the same time, the Trustee filed a Motion to Refer Case to Bankruptcy Court. *See Cummings v. Keefer*, No. 3:22-cv-00301 (M.D. Tenn. April 26, 2022) (Notice of Removal, Doc. No. 1 ¶ 2; Motion, Doc. No. 2). After Hagh and Keefer were finally served with process (apparently another saga on its own), the Motion to Refer was granted as unopposed, and the Adversary Proceeding was opened in the Bankruptcy Court.

Shortly after the referral, Keefer and Hagh filed their Motion to Dismiss or, In the Alternative to Stay Pending Mediation and Arbitration in the Bankruptcy Court, invoking both Rule 12(b)(1) and 12(b)(6). Their motion argues that the Bankruptcy Court lacks jurisdiction to consider the case before it, because Cummings and the Debtor law firm entered into binding and enforceable arbitration agreements and covenants not to sue that apply to the claims raised in the Adversary Proceeding. (Adv. Pro. No. 9.) Keefer and Hagh asked the Bankruptcy Court to either "dismiss Mr. Cummings' Complaint with prejudice" in light of the "broad covenant-not-to-sue and mediation-arbitration clauses" or, alternatively, to stay the action and compel arbitration. (Adv. Pro. No. 9, at 4.)

In response, Cummings argued that (1) the Bankruptcy Court has exclusive jurisdiction over the claims raised in the Adversary Proceeding, as both Cummings and the Trustee have filed claims for a portion of the attorney's fees generated by the underlying lawsuit that are now being held in escrow; (2) there is no arbitration agreement between Cummings and Hagh, as a result of which it would not be appropriate to compel Cummings to litigate his claims against Hagh; and (3) Keefer (and Hagh, assuming she is a party to the arbitration agreement) waived the right to seek to enforce arbitration by waiting too long to invoke that right. (Adv. Pro. No. 12.)

The Bankruptcy Court held a hearing on the matter and, at the close of the hearing, denied the motion from the bench on the basis that (1) there is no arbitration agreement between Cummings and Hagh, and (2) the factors to be considered by a bankruptcy court in determining whether to compel or deny arbitration weigh in favor of denying arbitration, as it would frustrate the purpose of the Bankruptcy Code and the Bankruptcy Court's ability to retain jurisdiction over the bankruptcy process. (Transcript, Adv. Proc. No. 14, at 23–24.) The Bankruptcy Court did not reach the question of waiver. The written September 2023 Order incorporated the findings and conclusions stated at the hearing. (Adv. Pro. No. 20.) This appeal followed.

## II. LEGAL STANDARD

Under 28 U.S.C. § 158, a district court has jurisdiction to hear a timely appeal as a matter of right from final orders or decrees issued by a bankruptcy court and, "with leave of court," from interlocutory orders. 28 U.S.C. § 158(a)(1), (a)(3). An order denying a motion to dismiss is not a final order, because it does not terminate the proceeding. *See In re Jackson Masonry, LLC*, 906 F.3d 494, 497–98, 500 (6th Cir. 2018), *aff'd sub nom. Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35 (2020).[5] Thus, ordinarily, leave of court would be required in order for appellants to appeal the denial of a motion to dismiss.

At the same time, however, the denial of a motion to compel arbitration is ordinarily immediately appealable. 9 U.S.C. § 16(a)(1). The Bankruptcy Court, although it styled the September 2023 Order as "Order Denying Motion to Dismiss," apparently construed the motion

---

[5] The Supreme Court in *Ritzen Group* held that a bankruptcy court's order "unreservedly" granting or denying a creditor's motion for relief from the automatic stay constitutes a final, immediately appealable order under § 158(a). *Ritzen Grp.*, 589 U.S. at 37–38. Notably, a motion for relief from an automatic stay is a discrete dispute initiated within a bankruptcy case. *See* Fed. R. Bankr. P. 4001(a)(1). An adversary proceeding is a different type of discrete dispute initiated within a bankruptcy case. *See* Fed. R. Bankr. P. 7001.

as seeking to compel arbitration. Under these circumstances, and given the strong federal policies favoring arbitration, *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1985), the court finds that the September 2023 Order is immediately appealable under § 16. Even if it were not, the fact that it concerns arbitration would be sufficient to warrant granting a motion for leave to take an interlocutory appeal.

### III. MERITS OF THE APPEAL

The appellants argue that a *de novo* standard of review applies to the Bankruptcy Court's legal conclusions made in ruling on a "core proceeding." (Doc. No. 12, at 9.) The Trustee and Cummings argue that the decision to compel or deny arbitration is within the discretion of the bankruptcy judge and that this court's review is limited to a determination of whether the Bankruptcy Court abused that discretion. (Doc. No. 13, at 12; Doc. No. 14, at 5.)

The Sixth Circuit does not appear to have directly addressed this question following the Supreme Court's ruling in *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220 (1987), and the district court cases within the Sixth Circuit are not unified in their approach to the question. Generally, however, courts appear to agree that—

> Where the dispute is a non-core proceeding, a court is generally without discretion to preclude the enforcement of the arbitration provision and the inquiry ends. If, however, the dispute is a core proceeding, the court moves to the next step in the analysis—whether enforcement of such agreement would inherently conflict with the underlying purposes of the Bankruptcy Code.

*In re Patriot Solar Grp., LLC*, 569 B.R. 451, 457–58 (Bankr. W.D. Mich. 2017) (citing *In re Elec. Mach. Enters., Inc.*, 479 F.3d 791, 796 (11th Cir. 2007)); *see also In re Wade*, 523 B.R. 594, 607 (Bankr. W.D. Tenn. 2014). That is, "even if a proceeding is determined to be a core proceeding, the bankruptcy court must still analyze whether enforcing a valid arbitration agreement would inherently conflict with the underlying purposes of the Bankruptcy Code." *In re Patriot Solar*

*Grp.,*, 569 B.R. at 457 (citing *Ins. Co. of N. Am. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp. (In re National Gypsum)*, 118 F.3d 1056, 1067 (5th Cir. 1997)).

Cummings and the appellants presume that the proceeding at issue here is a core proceeding; the court accepts that proposition without analysis.[6] The court also finds that, under the circumstances presented here, the Bankruptcy Court did not abuse its discretion in declining to compel arbitration. As set forth in his ruling from the bench, the Bankruptcy Judge considered numerous factors relevant to the determination and found that they weighed in favor of the Bankruptcy Court's maintaining jurisdiction over the dispute rather than referring part of it to arbitration. He found in particular that compelling arbitration would give rise to a strong likelihood of piecemeal litigation, particularly because there is no arbitration agreement between Cummings and Hagh or Cummings and the Debtor, and that compelling arbitration would, therefore, have a significant impact on the administration of the bankruptcy estate. (*Id.* at 24–25.)

In their briefs to this court, the appellants make no effort even to address the Bankruptcy Judge's findings or to argue that he abused his discretion. Instead, they continue to reiterate the arguments they made in the Bankruptcy Court: that Cummings contracted out of the right to bring a lawsuit and must arbitrate instead and that the arbitration provisions are sufficiently broad to cover his dispute with Hagh and the Debtor as well. The appellants do not address the impact of arbitration on the bankruptcy estate or point to any error on the part of the Bankruptcy Judge in exercising his discretion.

---

[6] Only the Trustee broaches that question directly but then asserts that, whether it is core or non-core, the dispute is at the very least *related*, such that the Bankruptcy Court clearly has jurisdiction over the matter. (Doc. No. 13, at 9–11.) But that does not answer the question. *See In re Elec. Mach. Enters.*, 479 F.3d at 796 ("However, whether or not the bankruptcy court has jurisdiction, even exclusive jurisdiction, over a matter is a separate question from whether enforcing a valid arbitration agreement would pose an inherent conflict with the underlying purposes of the Bankruptcy Code." (citing *McMahon*, 482 U.S. at 227–28)).

The court finds that the Bankruptcy Court's decision was reasoned and well thought out. It is clear from the record, the appellants' arguments notwithstanding, that Cummings did not sign any agreement with Hagh or the Debtor[7] to arbitrate disputes among them, and it is not appropriate to compel arbitration between parties who did not agree to arbitrate. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). In addition, as noted above, Keefer has little incentive to pursue either arbitration or litigation of this dispute, given that he stands to gain or lose nothing, regardless of how the fees are ultimately distributed. Finally, although the court is not called upon to address this question and will not do so in detail here, the decision to decline to compel arbitration is further bolstered by the undisputed facts in the record strongly indicating that Keefer, through his attorney's action (and inaction), waived any right he might otherwise have had to insist on arbitration by sitting on that right for months, including by refusing to answer a direct question from Cummings' counsel in February 2022 as to whether Keefer would invoke a right to arbitrate. (*See* Doc. No. 12-1, at 94–100.) *Accord Schwebke v. United Wholesale Mortg. LLC,* 96 F.4th 971, 974 (6th Cir. 2024) (recognizing that a party may waive an agreement to arbitrate by "tak[ing] actions that are completely inconsistent with any reliance on an arbitration agreement").

The appellants, in short, have provided no basis for overruling the Order denying the Motion to Dismiss. The court finds that the Bankruptcy Court's determination is well supported by the record and did not amount to an abuse of discretion.

## IV.  CONCLUSION AND ORDER

For the reasons set forth herein, the appellants' request for oral argument is **DENIED**, and the September 5, 2023 Order Denying Motion to Dismiss entered by the United States Bankruptcy Court for the Middle District of Tennessee in *Cummings v. Keefer et al.*, Adv. Pro. No. 3:23-ap-

---

[7] The Debtor, through the Trustee, has never argued to the contrary.

90036 (Bankr. M.D. Tenn.) (Adv. Pro. Doc. No. 20), is hereby **AFFIRMED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge