# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>CUMMINGS MANOOKIAN, PLLC<br><br>    Debtor.<br><br>BRIAN CUMMINGS,<br><br>    Plaintiff,<br><br>v.<br><br>BRETTON KEEFER, JEANNE BURTON, and AFSOON HAGH<br><br>    Defendants. | Case No. 3:19-bk-07235<br>Chapter 7<br>Judge Walker<br><br>Adv. Proc. No. 3:23-ap-90036 |

## DEFENDANT BRETTON KEEFER'S
## STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Bankruptcy Rule 7056-1 and Federal Rule of Civil Procedure 56(c), Defendant Bretton Keefer submits the following Statement of Undisputed Material Facts in support of his Motion for Summary Judgment. Each fact is supported by specific citations to the record, including the Amended Complaint, the Shoemaker Engagement Agreement, the Cummings Withdrawal Letter, and prior judicial findings.

1

# I. THE PARTIES AND THE UNDERLYING LAWSUIT

1.    Plaintiff Brian Cummings is an attorney licensed to practice law in Tennessee and was formerly a partner in the law firm Cummings Manookian, PLC ("CM"). Source: Amended Complaint, ¶¶ 1, 3.

**RESPONSE:**

2.    Defendant Bretton Keefer ("Mr. Keefer") is the surviving son of Chesta Shoemaker and served as the plaintiff in the underlying wrongful death lawsuit styled *Keefer v. Vanderbilt University Medical Center*, which was filed in the Circuit Court for Davidson County, Tennessee (the "Shoemaker Matter" or "Keefer Matter"). Source: Amended Complaint, ¶ 3 ; Shoemaker Engagement Agreement.

**RESPONSE:**

3.    Defendant Afsoon Hagh ("Ms. Hagh") is an attorney who represented Mr. Keefer in the *Shoemaker Matter* and is named as a co-defendant in this adversary proceeding. Source: Amended Complaint, ¶ 4.

**RESPONSE:**

Case 3:23-ap-90036    Doc 59-1    Filed 01/23/26    Entered 01/23/26 23:50:12    Desc
Exhibit Statement of Undisputed Material Facts    Page 2 of 14

4.  Jeanne Burton is the Chapter 7 Trustee for the bankruptcy estate of Cummings Manookian, PLC ("Debtor"), which filed for bankruptcy in 2019. Source: Amended Complaint, ¶ 6 ; Motion for Summary Judgment in Burton v. Hagh.

**RESPONSE:**

## II. THE SHOEMAKER ENGAGEMENT AGREEMENT

5.  On April 19, 2017, Mr. Keefer entered into a written Attorney-Client Agreement ("Shoemaker Agreement") with the law firm Cummings Manookian, PLC to represent him in the *Shoemaker Matter*. Source: Amended Complaint, ¶ 11 ; Shoemaker Engagement Agreement, Exhibit 1.

**RESPONSE:**

6.  The Shoemaker Agreement was drafted by Brian Cummings and/or members of the firm Cummings Manookian, PLC. Source: Amended Complaint, ¶ 11 ("Mr. Cummings signed Mr. Keefer as a client... via an Attorney-Client Agreement").

**RESPONSE:**

Case 3:23-ap-90036   Doc 59-1   Filed 01/23/26   Entered 01/23/26 23:50:12   Desc
Exhibit Statement of Undisputed Material Facts   Page 3 of 14

7. The Shoemaker Agreement established a contingency fee arrangement, stating: "Our fees for work on this case will be on a contingency basis. This means that you only pay us a fee if you receive a settlement, judgment, or award in this matter." Source: Shoemaker Engagement Agreement, p. 1-2.

**RESPONSE:**

8. The contingency fee rate specified in the Shoemaker Agreement was 33.33% of the gross recovery. Source: Shoemaker Engagement Agreement, p. 2 ; Amended Complaint, ¶ 11.

**RESPONSE:**

9. The Shoemaker Agreement contains specific provisions governing the termination of the attorney-client relationship, distinguishing between "Termination" (discharge by the client) and "Withdrawal" (resignation by the attorney). Source: Shoemaker Engagement Agreement, p. 2-3.

**RESPONSE:**

Case 3:23-ap-90036   Doc 59-1   Filed 01/23/26   Entered 01/23/26 23:50:12   Desc
Exhibit Statement of Undisputed Material Facts   Page 4 of 14

10. The "Termination of Professional Relationship" clause states: "You have the right to change attorneys... If *you* terminate the representation before the conclusion of the matter, we will additionally be entitled to receive from the proceeds of any recovery a reasonable fee for the work we have performed..." Source: Shoemaker Engagement Agreement, p. 2-3 (Emphasis added).

**RESPONSE:**

11. The "Withdrawal" clause states: "We may choose to withdraw from representing you... A 'withdrawal' by this firm does not relieve you of the responsibility to pay *advanced costs*." Source: Shoemaker Engagement Agreement, p. 3 (Emphasis added).

**RESPONSE:**

12. Unlike the "Termination" clause, the "Withdrawal" clause does *not* state that the firm is entitled to a "reasonable fee" or any portion of the contingency fee upon withdrawal; it mentions only "advanced costs." Source: Shoemaker Engagement Agreement, p. 3.

**RESPONSE:**

13. The Agreement explicitly allocates the risk of non-recovery to the attorneys, stating: "If you do not receive a settlement, judgment, or award we do not receive a fee." Source: Shoemaker Engagement Agreement, p. 2.

**RESPONSE:**

## III. THE DISSOLUTION OF THE FIRM AND CONTINUED REPRESENTATION

14. In 2018, Brian Cummings voluntarily withdrew from the firm Cummings Manookian, PLC. Source: Amended Complaint, ¶ 5.

**RESPONSE:**

15. Following his departure from the firm, Mr. Cummings continued to perform legal work on the *Shoemaker Matter* as a partner in a new entity, Cummings Law. Source: Amended Complaint, ¶ 12.

**RESPONSE:**

16. The representation of Mr. Keefer continued under a collaborative arrangement involving Mr. Cummings, Ms. Hagh, and potentially Brian Manookian, though the precise internal fee-sharing agreements between these

attorneys were disputed and not memorialized in a unified contract signed by all parties post-dissolution. Source: Amended Complaint, ¶ 51 ("Mr. Cummings did not have an agreement with Mr. Keefer and/or Ms. Hagh as to what Mr. Cummings' split... would be").

**RESPONSE:**


## IV. PLAINTIFF'S VOLUNTARY WITHDRAWAL (OCTOBER 2020)

17.    In late September and early October 2020, disagreements arose between Mr. Cummings, Ms. Hagh, and Mr. Keefer regarding the management of the case. Source: Amended Complaint, ¶ 14.

**RESPONSE:**


18.    Specifically, Mr. Cummings alleges that "oral statements" made by Ms. Hagh and Mr. Keefer indicated that "their working relationships were strained." Source: Amended Complaint, ¶ 14.

**RESPONSE:**

Case 3:23-ap-90036    Doc 59-1    Filed 01/23/26    Entered 01/23/26 23:50:12    Desc
Exhibit Statement of Undisputed Material Facts    Page 7 of 14

19. In response to these strained relationships, Mr. Cummings contacted the Tennessee Board of Professional Responsibility ("BPR") for ethics guidance. Source: Amended Complaint, ¶ 14.

**RESPONSE:**

20. According to Mr. Cummings, the BPR advised him that, based on the comments made by the client and co-counsel, he was "required to withdraw as counsel and to do so as soon as possible." Source: Amended Complaint, ¶ 14.

**RESPONSE:**

21. On October 2, 2020, Brian Cummings sent a letter via email to Bretton Keefer and Afsoon Hagh with the subject line "Shoemaker matter - Brian Cummings' withdrawal as counsel." Source: Withdrawal Letter.

**RESPONSE:**

22. The October 2, 2020 letter stated unequivocally: "I am writing to communicate that, effective today, I am withdrawing as co-counsel in this matter." Source: Withdrawal Letter.

**RESPONSE:**

Case 3:23-ap-90036   Doc 59-1   Filed 01/23/26   Entered 01/23/26 23:50:12   Desc
Exhibit Statement of Undisputed Material Facts   Page 8 of 14

23. In the letter, Mr. Cummings attributed his withdrawal to "strained" relationships and "personal conflict," stating: "I believe I am ethically required to withdraw as counsel... because those strains may prevent us going forward from working as well and effectively together for the client." Source: Withdrawal Letter.

**RESPONSE:**

24. Mr. Cummings was not discharged or fired by Mr. Keefer; he initiated the termination of his involvement in the case. Source: Amended Complaint, ¶ 17 ("Mr. Cummings provided a private letter... communicating his withdrawal").

**RESPONSE:**

25. Following the letter, in October 2020, Mr. Cummings filed a "Motion to Withdraw as Counsel for the Plaintiff" in the Circuit Court for Davidson County. Source: Amended Complaint, ¶ 18.

**RESPONSE:**

26. Neither Mr. Keefer nor Ms. Hagh filed any objection or response opposing Mr. Cummings' Motion to Withdraw. Source: Amended Complaint, ¶ 18

Case 3:23-ap-90036   Doc 59-1   Filed 01/23/26   Entered 01/23/26 23:50:12   Desc
Exhibit Statement of Undisputed Material Facts   Page 9 of 14

("neither Mr. Keefer nor Ms. Hagh filed any type of Response... disputing or opposing the Motion to Withdraw").

**RESPONSE:**

27.    On November 20, 2020, the Fifth Circuit Court entered an Order granting Mr. Cummings' Motion to Withdraw as Counsel. Source: Amended Complaint, ¶ 19.

**RESPONSE:**

28.    As of November 20, 2020, Mr. Cummings ceased to be counsel of record for Mr. Keefer in the *Shoemaker Matter*. Source: Amended Complaint, ¶ 19

**RESPONSE:**

**V. THE SETTLEMENT AND CURRENT STATUS OF FUNDS**

29.    The *Shoemaker Matter* did not settle until October 2021, approximately one year after Mr. Cummings withdrew from the case. Source: Amended Complaint, ¶ 22.

**RESPONSE:**

30.    At the time of Mr. Cummings' withdrawal in October 2020, no settlement had been reached, and no judgment or award had been entered in favor of Mr. Keefer. Source: Amended Complaint, ¶ 22 (Settlement occurred Oct 2021).

**RESPONSE:**

31.    Following the settlement in October 2021, Mr. Keefer received his portion of the net proceeds. Source: Amended Complaint, ¶ 43 ("Mr. Keefer... have already received their net proceeds from the Keefer matter").

**RESPONSE:**

32.    The portion of the settlement proceeds designated for attorney's fees (33.33%) was deposited into an attorney trust account/escrow pending the resolution of the dispute between Mr. Cummings, Ms. Hagh, and the Debtor estate. Source: Amended Complaint, ¶ 49 ("The remaining balance of attorney fees... are being held in the Bass, Berry, & Sims' Attorney Trust Account").

**RESPONSE:**

33.    Mr. Cummings admits that he has already received reimbursement for litigation expenses advanced by his firm. Source: Amended Complaint, ¶ 39

Case 3:23-ap-90036   Doc 59-1   Filed 01/23/26   Entered 01/23/26 23:50:12   Desc
Exhibit Statement of Undisputed Material Facts   Page 11 of 14

(Mentions expenses paid); Shoemaker Agreement (Allows for expense reimbursement upon withdrawal).

**RESPONSE:**

## VI. JUDICIAL FINDINGS CONSTITUTING LAW OF THE CASE

34.     In the appeal of this matter to the United States District Court for the Middle District of Tennessee (*Case No. 3:23-cv-00961*), the Court issued a Memorandum and Order dated June 17, 2024. Source: District Court Opinion.

**RESPONSE:**

35.     In that Order, District Judge Aleta A. Trauger made the following specific finding regarding Mr. Keefer's interest in the litigation: "It is unclear to the court what remaining interest in this case Keefer has, since he appears to have received all funds to which he is entitled... the amount of money determined to be provided to Mr. Cummings... does not change the amount of net proceeds to Mr. Keefer." Source: District Court Opinion, p. 97, footnote 4.

**RESPONSE:**

Case 3:23-ap-90036   Doc 59-1   Filed 01/23/26   Entered 01/23/26 23:50:12   Desc
Exhibit Statement of Undisputed Material Facts   Page 12 of 14

36. The District Court further found: "In addition, as noted above, Keefer has little incentive to pursue either arbitration or litigation of this dispute, given that he stands to gain or lose nothing, regardless of how the fees are ultimately distributed." Source: District Court Opinion, p. 97.

**RESPONSE:**

37. Plaintiff Brian Cummings did not appeal this specific finding of fact regarding Mr. Keefer's lack of financial interest. Source: (Noting "unappealed by Cummings").

**RESPONSE:**

38. Plaintiff admits in his Amended Complaint that "the amount of money determined to be provided to Mr. Cummings... does not change the amount of net proceeds to Mr. Keefer." Source: Amended Complaint, ¶ 45.

**RESPONSE:**

Date: January 23, 2026                Respectfully submitted,

                                      */s/ John Spragens*

13

Case 3:23-ap-90036    Doc 59-1    Filed 01/23/26    Entered 01/23/26 23:50:12    Desc
Exhibit Statement of Undisputed Material Facts    Page 13 of 14

John Spragens (TN Bar No. 31445)
Spragens Law PLC
915 Rep. John Lewis Way S
Suite 100, Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Bretton Keefer and Afsoon Hagh*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed January 23, 2026 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.


*/s/ John Spragens*

Case 3:23-ap-90036    Doc 59-1    Filed 01/23/26    Entered 01/23/26 23:50:12    Desc
Exhibit Statement of Undisputed Material Facts    Page 14 of 14