# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

FILED 2026 MAR 11 PM 12:30 U.S. BANKRUPTCY COURT MIDDLE DISTRICT OF TN.

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| BRIAN CUMMINGS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:23-ap-90036 |
| | ) | |
| BRETTON KEEFER, JEANNE | ) | |
| BURTON, and AFSOON HAGH, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

---

**THE DEADLINE FOR FILING A RESPONSE IS: April 1, 2026**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE:**
**April 22, 2026, at 11:00 a.m., in Courtroom 2**
**United States Bankruptcy Court, 701 Broadway, Nashville, Tennessee**
**(Virtual Hearing if Allowed; See Court's Website for Details)**

---

The relief described below is being requested from the Court. **YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant this request, you or your attorney must file a response or objection by the deadline, explaining why you are opposed. **If a response or objection is not filed, the Court may grant the request without a hearing.** Any response must identify the motion to which you are responding and state the response deadline and hearing date.

The Court's filing requirements and instructions can be located on the Court's website at www.tnmb.uscourts.gov/9013. If you need assistance, you may call the Bankruptcy Court at (615) 736-5584 or visit the Bankruptcy Court in person at 701 Broadway, 1st Floor, Nashville, TN during operating hours.

## PLAINTIFF'S AND TRUSTEE'S JOINT MOTION TO APPROVE COMPROMISE AND SETTLEMENT

Plaintiff Brian Cummings ("Cummings" or "Plaintiff") and Defendant Jeanne Ann Burton,

Chapter 7 trustee herein ("Trustee"), hereby jointly move (the "Motion") this Court for entry of an

order (the "Order"), substantially in the form submitted herewith, approving the compromise and settlement of this matter as between Cummings and the Trustee only. In support of this Motion, the Trustee respectfully represents as follows:

### BACKGROUND

1. Cummings Manookian, PLC ("CM") filed for Chapter 7 bankruptcy relief in the Bankruptcy Court for the Middle District of Tennessee, Case No. 3:19-bk-07235 (the "Bankruptcy Case"), on November 6, 2019 (the "Petition Date"). Jeanne Ann Burton was appointed to serve as the Chapter 7 Trustee on the Petition Date and has been so serving since.

2. As part of her administration of CM's estate, the Trustee filed a Complaint against Afsoon Hagh, Hagh Law, PLLC, and Manookian, PLLC. This adversary proceeding was assigned case number 20-ap-90002 (the "AP"). A significant element of the allegations in the AP is that the defendants in the AP, including Afsoon Hagh (who is a defendant in this matter), received fees belonging to CM. Those fees included fees earned as a result of the resolution of a case in which Bretton Keefer, a defendant herein, was acting as plaintiff (the "Keefer case") and upon which this matter is based.

3. Both Plaintiff and the Trustee filed notices of attorney's liens in the Keefer case. At the time of the settlement in the Keefer case, attorney Craig Gabbert of Bass, Berry & Sims was representing Defendant Hagh in the AP. Mr. Gabbert agreed to hold the fees generated by the settlement of the Keefer case, less payment of fees to non-party John Edwards or his law firm, in an escrow account at Bass, Berry & Sims, to which both the Plaintiff's and the Trustee's liens attached. Pursuant to this agreement, the fees were conveyed to Bass, Berry & Sims to be held in escrow pending resolution of the claims of Plaintiff and Trustee and subject to their liens.

4. On or about March 22, 2022, Brian Cummings filed a *Complaint* against the Trustee and Bretton Keefer on behalf of the deceased, Chesta Shoemaker ("Complaint") in the Circuit Court of Davidson County, Tennessee (the "State Court"). Subsequently, on March 29, 2022, Plaintiff filed an Amended Complaint ("Amended Complaint") that added Afsoon Hagh as a defendant. The Amended Complaint sought a determination from the State Court concerning the rights to fees among attorneys related to a wrongful death lawsuit brought by Defendant Keefer.

5. On April 26, 2022, the Complaint was removed to the United States District Court for the Middle District of Tennessee, and on March 3, 2023, that matter was referred to this Court for disposition.

6. Brian Cummings, the plaintiff in this action, alleges that he has an interest in fees generated by Mr. Keefer's lawsuit; the Trustee claims an interest in those same fees as part of her AP. Thus, Mr. Cummings and the Trustee (on behalf of CM) each claim an interest in the fees at issue in this matter. Both Mr. Keefer and Ms. Hagh have disclaimed any interest in the fees at issue in this matter. No other person or entity has made any claim in this matter to the fees at issue.

7. Based upon her review of the file and the work performed prior to the filing of the Keefer lawsuit, the Trustee feels like the estate is entitled to 20% of the remaining fees from the Keefer settlement after payment of fees to non-party John Edwards or his law firm. Moreover, based upon her consultation with other plaintiffs' attorneys by and through her counsel, she believes that it is rather standard for an originating law firm to retain a 20% interest in the fees generated by a medical malpractice or wrongful death case.

8. On December 9, 2025, the Court conducted a trial on the AP. At that trial, Mr. Cummings testified regarding, among other things, who performed work on the Keefer lawsuit

Case 3:23-ap-90036   Doc 84   Filed 03/11/26   Entered 03/11/26 12:36:04   Desc Main
Document     Page 3 of 11

and who could claim entitlement to those fees.[1]  Mr. Cummings testified that, in his opinion, the bankruptcy estate is entitled to 20% of the remaining fees earned in the Keefer lawsuit, due to the work done by the Debtor's attorneys on that matter prior to the dissolution of the Debtor law firm. Mr. Cummings further testified that, in his opinion, if Brian Manookian is not allocated a portion of the fee, Mr. Cummings is entitled to 80% of the remaining fees earned in the Keefer lawsuit (after payment of fees to John Edwards' firm).[2]

9.    The Trustee agrees with Mr. Cummings' assessment and his valuation of the work performed by the Debtor on behalf of Mr. Keefer.  Therefore, the Plaintiff and the Trustee have agreed, as evidenced by signatures of counsel below, that the Debtor's bankruptcy estate is entitled to 20% of the remaining fees generated by the settlement of the Keefer lawsuit.

10.    As support for this settlement, the Trustee would state that her independent research leads her to believe that a 20% interest in the remaining fees from the Keefer settlement fairly compensates the estate for all of the pre-filing work that was done by the Debtor.  Furthermore, her primary witness on what work was done by the Debtor, and the value of that work, would be Brian Cummings, who has already testified that he believes the estate is entitled to a 20% share of fees on account of the Debtor's work.

11.    Because these factors, plus the cost of ongoing litigation, the Trustee believes it is in the best interest of the estate for her to resolve the estate's claim to fees from the Keefer lawsuit,

---

[1] Although the Court had informed the parties in the AP that it expected to hear proof concerning the work that those parties had performed in the Keefer lawsuit, Ms. Hagh did not testify at that trial.

[2] Mr. Manookian testified that he is not claiming any portion of the fees earned in the Keefer lawsuit, and confirmed that Manookian PLLC likewise is not claiming any portion of that fee.

**Error! Unknown document property name.**                    4

as between her and the Plaintiff. The Trustee and the Plaintiff have agreed that the estate is entitled to 20% of the fees remaining from the Keefer settlement.

12.     It is the Trustee's opinion that this settlement is in the best interest of the estate and should be accepted. The Trustee believes that this proposed settlement is more beneficial to the creditors than continued litigation, when considering the risks and costs of continued litigation. First, the Trustee is unsure how she would prove the value of the Debtor's work on the Keefer lawsuit apart from the testimony of Brian Cummings, who has already testified that the Debtor's work entitled the estate to a 20% interest in the fees. The Trustee further believes that the cost and risk of ongoing litigation make this proposed settlement one that is in the best interest of the creditors.[3] Further, this settlement will substantially simplify the trial set in this matter.

13.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

14.     The statutory predicate for the relief requested herein is section 105 of the Bankruptcy Code and rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019").

RELIEF REQUESTED

15.     By the Motion, the Trustee seeks an order approving the settlement and compromise between the Plaintiff and the Trustee wherein the Plaintiff agrees that the estate is entitled to 20% of the remaining Keefer settlement fees.

---

[3] The Trustee acknowledges that there may be a trial of this matter despite this settlement and, more than likely, subsequent appeals of this Court's judgment. However, due to this settlement, the Trustee's preparation time for, and involvement in, the trial and subsequent appeals will be substantially reduced.

16. The other two parties in this case—Mr. Keefer and Ms. Hagh—have disclaimed any interest in the fees at issue in this matter. No other person or entity has asked this Court to allocate any portion of the fees to them when it issues its ruling in this matter.

17. There being no other pending claims in this matter, the result of the proposed settlement is that 20% of the remaining attorney's fees from the Keefer lawsuit be awarded to the bankruptcy estate and the other 80% of the remaining attorney's fees be awarded to Brian Cummings, individually. These amounts are reflected in Exhibit 1, attached hereto.

18. Craig Gabbert agreed on behalf of Bass, Berry & Sims to hold the fees from the Keefer lawsuit (after payment to Mr. Edwards or his firm) in escrow subject to the liens filed by Trustee and Plaintiff. Therefore, the parties ask this Court to order Bass, Berry & Sims to distribute the amounts set forth above pursuant to this settlement.

APPLICABLE AUTHORITY

19. Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. See Fishell v. Soltow (In re Fishell), No. 94-1109, 1995 WL 66622, at *2 (6th Cir. February 16, 1995); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Colliers on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019. See, e.g., In re Check Reporting Service, Inc., 137 B.R. 653 (Bankr. W.D. Mich. 1992); Bartel v. Bar Harbour Airways, Inc., 196 B.R. 268 (S.D.N.Y. 1996); In re Foundation for New Era Philanthropy, Case No. 95-13729B, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug. 21, 1996).

20.    The standards by which a Court should evaluate a settlement are well established.  In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

- the probability of success in litigation;

- the difficulty in collecting any judgment that may be obtained;

- the complexity of the litigation involved, and the expense inconvenience and delay necessarily attendant to it;

- the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-245 (1968); Fishell, 1995 W.L. 66622, at *3; In re Barton, 45 B.R. 225, 227 (M.D. Tenn. 1984); In re Pennsylvania Truck Lines, Inc., 150 B.R. 595, 598 (E.D. Pa. 1992), aff'd, 8 F.3d 812 (3d Cir. 1993); In re Grant Broadcasting, Inc., 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); In re Neshaminy Office Bldg. Assoc's., 62 B.R. 798, 803 (E.D. Pa. 1986).

21.    The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case.  See TMT Trailer Ferry, 390 U.S. at 424-25.  The settlement need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities."  In re Penn Central Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979).  In making its determination, a court should not substitute its own judgment for that of the debtor.  Neshaminy Office, 63 B.R. at 803.

22.    Under the circumstances presented here, the Trustee has satisfied the applicable standards.

WHEREFORE, the Trustee respectfully requests that this Court enter an order in the form submitted herewith and grant such other and further relief as is appropriate under the circumstances.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Special Counsel to Trustee*


/s/ Elizabeth S. Tipping
Elizabeth S. Tipping
Womble Bond Dickinson (US) LLP
1222 Demonbreun Street, Suite 1201
Nashville, TN 37203
(629) 250-3388
Liz.Tipping@wbd-us.com

*Counsel for Plaintiff Brian Cummings*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served this 11th day of March, 2026, upon all parties of record through the Court's electronic filing system and by U.S. Mail to all parties listed on the creditor matrix attached hereto.

/s/ Phillip G. Young, Jr.



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| BRIAN CUMMINGS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:23-ap-90036 |
| | ) | |
| BRETTON KEEFER, JEANNE | ) | |
| BURTON, and AFSOON HAGH, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER APPROVING COMPROMISE AND SETTLEMENT
## BETWEEN PLAINTIFF AND TRUSTEE

This matter having come for hearing on the motion (the "Motion") filed by Plaintiff

Brian Cummings ("Plaintiff") and Defendant Jeanne Ann Burton, chapter 7 trustee herein

("Trustee"), pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, for an

order approving the compromise and settlement of all issues in this adversary proceeding between

the Plaintiff and Trustee concerning the rights to fees as between Plaintiff and the Trustee related

to a wrongful death lawsuit brought by Defendant Bretton Keefer; and no party-in-interest having

timely filed a response to the Motion; and the Court being satisfied that the relief herein is appropriate under the circumstances; and the court being otherwise sufficiently advised,

IT IS HEREBY FOUND THAT:

A. The Trustee, in the proper exercise of her business judgment, determined that the relief afforded herein is in the best interests of the Debtor's creditors.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Trustee, on behalf of the bankruptcy estate, shall be entitled to 20% of the fees related to the Keefer lawsuit, net of payment of fees to North Carolina attorney John Edwards or his law firm, in the amount reflected on Exhibit 1 attached hereto.

3. There being no other parties in this matter asserting claim to any portion of the fees from the Keefer lawsuit, the Plaintiff shall be entitled to 80% of the fees related to the Keefer lawsuit, net of payment of fees to North Carolina attorney John Edwards or his law firm, in the amount reflected on Exhibit 1 attached hereto.

4. The fees related to the Keefer lawsuit, net of payment of fees to Mr. Edwards or his law firm, were deposited in an escrow account at Bass, Berry & Sims, to which the liens of Plaintiff and Trustee attached, to be held pending resolution of the claims of Plaintiff and Trustee. Accordingly, Bass, Berry & Sims is directed to issue checks to counsel for the Trustee and counsel for Plaintiff in the amounts reflected on Exhibit 1, respectively, within five (5) calendar days of entry of this Order.

5. The Court will retain jurisdiction to adjudicate any disputes that may arise under this order and to enforce the terms of this order.

Case 3:23-ap-90036   Doc 84   Filed 03/11/26   Entered 03/11/26 12:36:04   Desc Main
Document     Page 10 of 11

> This order was signed and entered electronically as indicated at the top of the first page.

AGREED TO AND
APPROVED FOR ENTRY:


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Counsel to Trustee*


/s/ Elizabeth S. Tipping
Elizabeth S. Tipping
Womble Bond Dickinson (US) LLP
1222 Demonbreun Street, Suite 1201
Nashville, TN 37203
(629) 250-3388
Liz.Tipping@wbd-us.com

*Counsel for Plaintiff Brian Cummings*