# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | Case No. 3:19-bk-07235 |
| | Chapter 7 |
| CUMMINGS MANOOKIAN, PLLC | Judge Walker |
| Debtor. | Adv. Proc. No. 3:23-ap-90036 |
| BRIAN CUMMINGS, | |
| Plaintiff, | |
| v. | |
| BRETTON KEEFER, JEANNE BURTON, and AFSOON HAGH | |
| Defendants. | |

## DEFENDANTS AFSOON HAGH AND BRETTON KEEFER'S MOTION FOR LEAVE TO FILE ANSWERS *INSTANTER*

Comes now Defendants Afsoon Hagh and Bretton Keefer ("Defendants"), by and through undersigned counsel, and respectfully move this Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), made applicable by Federal Rule of Bankruptcy Procedure 9006(b)(1), for leave to file their respective Answers to Plaintiff's Amended Complaint *instanter*. Copies of the proposed Answers are attached hereto as **Exhibit A** (Hagh) and **Exhibit B** (Keefer). In support of this Motion, Defendants state as follows.

<u>**INTRODUCTION AND BACKGROUND**</u>

This adversary proceeding has been the subject of intense, active, and substantive litigation for nearly three years. In May 2023, Defendants filed a comprehensive Motion to Dismiss. Following this Court's ruling on that motion, the parties engaged in a prolonged appellate process that traversed both the United States District Court and the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit issued its final mandate in July 2025.

Upon the case returning to this Court's active docket, the parties immediately engaged in pretrial scheduling and shifted their focus to preparing comprehensive, dispositive Motions for Summary Judgment, which Defendants timely filed on January 23, 2026.

Due to the uniquely disjointed procedural posture of this case — spanning years of appellate stays and the immediate pivot to summary judgment briefing upon remand — counsel for Defendants inadvertently overlooked the procedural formality of filing Answers to the underlying Amended Complaint.

To ensure the record is formally complete, and because Plaintiff has suffered zero prejudice and has long ago waived any right to capitalize on this procedural defect, Defendants seek leave to formally file their Answers now.

<u>**LEGAL STANDARD AND ARGUMENT**</u>

**I.      The Standard for Excusable Neglect**

Federal Rule of Civil Procedure 6(b)(1)(B) permits a court to extend the time to file a responsive pleading after the original deadline has expired "if the party

failed to act because of excusable neglect." The Supreme Court has defined "excusable neglect" as an equitable inquiry, requiring courts to balance several factors, including: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Here, the balance of equities weighs heavily in favor of granting leave. The delay was an inadvertent administrative oversight by counsel during the transition from a two-year appellate process back to active trial-level litigation. The Defendants have acted in utmost good faith, as evidenced by their rigorous participation in all scheduling conferences and their filing of thoroughly briefed summary judgment motions. Most importantly, as detailed below, the Plaintiff has suffered absolutely no prejudice.

## II.  Plaintiff Has Suffered No Prejudice and Has Waived Any Right to Claim Automatic Admissions Under Rule 8(b)(6)

Plaintiff may attempt to argue that the failure to timely file an Answer means the allegations in his Amended Complaint should be deemed admitted under Federal Rule of Civil Procedure 8(b)(6). However, controlling federal jurisprudence flatly rejects the weaponization of Rule 8(b)(6) when the parties have been actively litigating the merits of the case.

The Sixth Circuit and other federal appellate courts have firmly established that a plaintiff **waives** the right to rely on Rule 8(b)(6) admissions if they continue

to actively litigate the case on the merits without objecting to the missing answer. *See Jones v. Pekoske*, No. 21-1061, 2021 WL 5903143, at \*3 (6th Cir. Dec. 7, 2021) (rejecting plaintiff's attempt to use a missing answer as a "gotcha" tactic where the defendant's other filings gave the plaintiff "plain notice" of the defenses, meaning plaintiff suffered no "unfair surprise and thus no harm).

The seminal federal case on this issue is *Trotter v. Jack Anderson Enters., Inc.*, 818 F.2d 431, 436 (5th Cir. 1987), which the Sixth Circuit relies upon. In *Trotter*, the defendant failed to file an answer but actively pursued summary judgment. The court held that the plaintiff waived the right to have allegations deemed admitted under Rule 8(b)(6) because the defendant's substantive motions provided ample notice of their defenses, and the plaintiff actively litigated against those defenses rather than demanding an answer.

That is exactly what occurred here. Plaintiff has actively litigated against Defendants' substantive defenses — including the contractual bar to his recovery, Ms. Hagh's corporate shield, and Mr. Keefer's nominal status — for nearly three years in the Bankruptcy Court, the District Court, and the Sixth Circuit. The attached Answers inject no new legal theories and create no unfair surprise; they merely formalize the exact defenses Plaintiff has been fiercely contesting since May 2023.

Because Plaintiff has suffered no prejudice and has waived any right to claim default admissions by virtue of his own active litigation, granting leave to file the Answers *instanter* is the only just result.

### III. The Sixth Circuit's Strong Preference for Adjudication on the Merits

Finally, allowing Defendants to file their Answers aligns with the Sixth Circuit's "strong preference for trials on the merits." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). Cases should be decided on the substantive law and the facts, not on correctable pleading oversights. Accepting the Answers will clean up the docket and allow the Court to rule cleanly on the dispositive Summary Judgment motions currently before it.

### <u>CONCLUSION</u>

For the foregoing reasons, Defendants Afsoon Hagh and Bretton Keefer respectfully request that this Court grant their Motion, deem the attached Answers to Plaintiff's Amended Complaint filed *instanter*, and grant such other and further relief as is just and proper.

Date: March 12, 2026

Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC

Case 3:23-ap-90036   Doc 89   Filed 03/12/26   Entered 03/12/26 15:46:25   Desc Main
Document     Page 5 of 6

915 Rep. John Lewis Way S
Suite 100, Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Bretton Keefer and*
*Afsoon Hagh*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed March 12, 2026 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

*/s/ John Spragens*