# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | Case No. 3:19-bk-07235 |
| | Chapter 7 |
| CUMMINGS MANOOKIAN, PLLC | Judge Walker |
| Debtor. | Adv. Proc. No. 3:23-ap-90036 |
| BRIAN CUMMINGS, | |
| Plaintiff, | |
| v. | |
| BRETTON KEEFER, JEANNE BURTON, and AFSOON HAGH | |
| Defendants. | |

## DEFENDANT AFSOON HAGH'S ANSWER
## TO PLAINTIFF'S AMENDED COMPLAINT

Comes now Defendant, Afsoon Hagh ("Ms. Hagh" or "Defendant"), by and through undersigned counsel, and submits this Answer and Defenses to the Amended Complaint filed by Plaintiff Brian Cummings ("Plaintiff" or "Mr. Cummings").

## GENERAL DENIAL

Unless specifically and expressly admitted herein, Ms. Hagh denies each and every allegation contained in the Amended Complaint. Ms. Hagh expressly denies

1

that Plaintiff is entitled to any damages, attorney's fees, or equitable relief from her in her individual capacity or otherwise.

## PARTIES, VENUE, AND JURISDICTION

1. Ms. Hagh is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 regarding Plaintiff's current residency. Ms. Hagh is aware that Mr. Cummings owns real property in Hawaii and may reside there.

2. Ms. Hagh admits that Plaintiff performed some legal work in Davidson County, Tennessee. Ms. Hagh affirmatively states that Plaintiff is not entitled to compensation for said work due to his voluntary withdrawal from the case.

3. Ms. Hagh admits that Bretton Keefer was the plaintiff in Davidson County Circuit Court Case No. 19C358 (the "Shoemaker Matter"), and that the original complaint was filed in February 2019. Ms. Hagh denies that Mr. Keefer received the ultimate benefit of Plaintiff's work, as Plaintiff voluntarily abandoned the representation and the client long before the case was resolved. Moreover, the Complaint referenced in this Paragraph as having been drafted by Mr. Cummings was stricken by the Court due to its extreme deficiencies in drafting.

4. Ms. Hagh admits the allegations in Paragraph 4, but affirmatively states that her legal services were rendered through her professional limited liability company, Hagh Law PLLC.

Case 3:23-ap-90036   Doc 89-1   Filed 03/12/26   Entered 03/12/26 15:46:25   Desc
Exhibit Ex. A - Hagh Answer   Page 2 of 11

5.      Ms. Hagh admits that Plaintiff withdrew from Cummings Manookian in 2018 and that the firm was subsequently placed into bankruptcy. Ms. Hagh denies any remaining characterizations or legal implications asserted in Paragraph 5.

6.      Ms. Hagh admits the allegations in Paragraph 6.

7.      Ms. Hagh admits that Plaintiff performed some work on the Shoemaker Matter while at Cummings Manookian, but denies that Plaintiff is entitled to any fees for such work. Ms. Hagh admits that any such work was an exceedingly small amount.

8.      Denied. Brian Cummings incorrectly listed Ms. Hagh's law firm as Cummings Manookian in the Complaint without her knowledge, which he has since testified to under oath.

9.      Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, it is denied.

10.     Paragraph 10 states a legal conclusion regarding venue and jurisdiction in state court to which no response is required.

**FACTS AND CLAIMS**

11.     Ms. Hagh admits that an Attorney-Client Agreement was executed in April 2017 ("2017 Agreement"). Ms. Hagh affirmatively states that the 2017 Agreement is a written document that speaks for itself, and any allegations inconsistent with its plain text are denied. Ms. Hagh admits the agreement contained a contingency fee provision.

3

12. Ms. Hagh admits that Plaintiff remained co-counsel of record after leaving Cummings Manookian. Ms. Hagh denies the remaining characterizations in Paragraph 12.

13. Ms. Hagh admits that Plaintiff withdrew as counsel for Mr. Keefer in October 2020. Ms. Hagh denies any characterization regarding the value or extent of Plaintiff's work.

14. Ms. Hagh admits that Plaintiff withdrew as counsel in October 2020 following "strained" relationships. Ms. Hagh is without knowledge or information sufficient to form a belief regarding Plaintiff's undocumented communications with the Board of Professional Responsibility (BPR), and therefore denies the same. Ms. Hagh affirmatively states that Plaintiff's withdrawal was his own voluntary business decision and not required, requested, nor initiated by any person other than Mr. Cummings

15. Ms. Hagh denies the allegations in Paragraph 15. Plaintiff's withdrawal was a voluntary choice initiated by him, thereby contractually forfeiting his right to an attorney's fee.

16. Ms. Hagh denies the allegations in Paragraph 16.

17. Ms. Hagh admits she and Mr. Keefer received a letter from Plaintiff in October 2020. The letter is a written document that speaks for itself. Ms. Hagh denies that she or Mr. Keefer were under any legal or contractual obligation to formally "dispute" Plaintiff's self-serving characterizations of his own voluntary withdrawal, or that his characterization was or is correct.

4

18. Ms. Hagh admits Plaintiff filed a Motion to Withdraw and that no opposition was filed. All other allegations are denied.

19. Ms. Hagh admits the allegations in Paragraph 19.

20. Ms. Hagh admits Plaintiff filed a document titled "Notice of Attorney's Lien." Ms. Hagh denies the lien has any legal or contractual validity.

21. Ms. Hagh admits she learned of Mr. Cummings' assertion at some point.

22. Admitted that the public record reflects the same.

23. Ms. Hagh admits that any order of the Circuit Court referenced in this Paragraph is a written document that speaks for itself.

24. Paragraph 24 asserts a legal conclusion regarding Tenn. Code Ann. § 23-2-102 to which no response is required. To the extent a response is required, it is denied.

25. Denied.

26. Denied.

27. Denied.

28. Admitted that Mr. Cummings prepared a Complaint that was ultimately stricken by the Court for being wholly deficient and incompatible with Tennessee pleading standards.

29. Denied.

30. Denied.

31. Denied.

5

32. Denied.

33. Denied.

34. Denied.

35. Admitted that Brian Manookian worked on the Keefer matter.

36. Admitted.

37. Denied.

38. Admitted.

39. Ms. Hagh admits that Plaintiff advanced certain litigation expenses.

40. Denied.

41-42. Ms. Hagh is without knowledge or information sufficient to form a belief as to Plaintiff's trial history or board certifications, and therefore denies the same as entirely irrelevant to this contractual fee dispute.

43. Ms. Hagh admits the allegations in Paragraph 43.

44. Ms. Hagh admits Plaintiff has not been paid an attorney's fee. Ms. Hagh affirmatively states Plaintiff has not been paid a fee because he is not legally, equitably, or contractually entitled to one.

45. Ms. Hagh admits the allegations in Paragraph 45.

46. Ms. Hagh admits that Plaintiff is seeking funds that would otherwise be distributed to the involved law firms. Ms. Hagh denies that she *individually* receives the attorney's fee, as the fees belong to the corporate entity Hagh Law PLLC.

Case 3:23-ap-90036   Doc 89-1   Filed 03/12/26   Entered 03/12/26 15:46:25   Desc
Exhibit Ex. A - Hagh Answer   Page 6 of 11

47-50. Ms. Hagh admits the allegations in Paragraphs 47 through 50 regarding John Edwards and his firm's compensation, with the exception that Mr. Edward's agreement was with Hagh Law, PLLC as evidenced by the written agreement, not with Afsoon Hagh. All other allegations are denied.

51.   Denied.

52.   Ms. Hagh admits the allegations in Paragraph 52.

53.   Denied.

54.   Ms. Hagh admits the mathematical reality of Paragraph 54 but denies that she individually possesses the fee share, which belongs to Hagh Law PLLC.

55.   Denied.

56.   Denied.

57-65. Ms. Hagh admits the existence of the 2019 Manookian Agreement. Ms. Hagh affirmatively states that the written agreement speaks for itself, and any allegations inconsistent with its plain text are denied. Ms. Hagh admits she did not sign the 2019 agreement in her individual capacity. All other allegations are denied.

66-68. Ms. Hagh denies the allegations in Paragraphs 66 through 68. Plaintiff's expectations of compensation are irrelevant where his own drafted contract expressly denies him a fee upon voluntary withdrawal.

69.   Ms. Hagh denies the allegations in Paragraph 69.

Case 3:23-ap-90036   Doc 89-1   Filed 03/12/26   Entered 03/12/26 15:46:25   Desc
Exhibit Ex. A - Hagh Answer   Page 7 of 11

70.     Ms. Hagh denies the allegations in Paragraph 70. Ms. Hagh cannot be unjustly enriched in her individual capacity for funds belonging to a corporate entity, nor can unjust enrichment apply where an express contract governs.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Ms. Hagh admits Mr. Keefer signed the agreements.  The documents speak for themselves, including waiving any fee for Mr. Cummings in the event of his withdrawal.

75.     Paragraph 75 states a legal conclusion to which no response is required. To the extent a response is required, it is denied.

<u>**AFFIRMATIVE DEFENSES**</u>

Defendant Afsoon Hagh asserts the following affirmative defenses, reserving the right to amend or add defenses as discovery proceeds:

**FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted against Afsoon Hagh individually.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has sued the wrong party. Afsoon Hagh is an individual attorney who practices law through a professional limited liability company, Hagh Law PLLC. Under the Tennessee Revised Limited Liability Company Act, Tenn. Code Ann. § 48-249-114, members of an LLC are shielded from personal liability for the

obligations of the company. The attorney's fees at issue belong to Hagh Law PLLC and Edwards Kirby. Plaintiff has failed to plead any specific facts (such as fraud, complete domination, or undercapitalization) sufficient to pierce the corporate veil. Therefore, Ms. Hagh is shielded from individual liability as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for attorney's fees are barred by the express terms of the 2017 Attorney-Client Agreement, which Plaintiff himself drafted. The contract explicitly distinguishes between a client "discharge" (allowing for a fee) and an attorney "withdrawal" (limiting recovery to advanced costs). Plaintiff voluntarily withdrew from the representation in October 2020 due to "strained relationships." Because he voluntarily abandoned the case prior to its resolution, he contractually forfeited any claim to a contingency fee.

### FOURTH AFFIRMATIVE DEFENSE

Under the terms of the 2017 Agreement, a withdrawing attorney is entitled solely to the reimbursement of advanced costs. Plaintiff has admitted that he has already been fully reimbursed for the litigation expenses he advanced. Therefore, Plaintiff has already received the entirety of the compensation to which he is legally and contractually entitled.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for unjust enrichment and *quantum meruit* are barred as a matter of law. Under Tennessee law, equitable and quasi-contractual remedies are strictly unavailable where a valid, express contract governs the subject matter

9

of the dispute. Because the 2017 Agreement explicitly governs the financial consequences of Plaintiff's withdrawal, he cannot bypass the contract by seeking equitable relief.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for unjust enrichment fails because he has failed to plead or prove that Afsoon Hagh *individually* received any benefit. The attorney's fees generated from the Shoemaker settlement are contractually owed to the corporate entities (Hagh Law PLLC and Edwards Kirby) or are currently held in a third-party attorney trust account. Ms. Hagh has not been individually enriched.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery under the doctrines of waiver, equitable estoppel, and unclean hands. Plaintiff voluntarily and abruptly abandoned his client on the eve of expert discovery to pursue a personal vacation, prioritizing his own interests over the client's. Having willfully abandoned the representation, he cannot now seek the intervention of a court of equity to recover funds generated by the subsequent labor of successor counsel.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Defendant Afsoon Hagh respectfully requests that this Court:

1. Dismiss the Amended Complaint with prejudice;

2. Enter judgment in favor of Defendant Afsoon Hagh on all claims;

Case 3:23-ap-90036   Doc 89-1   Filed 03/12/26   Entered 03/12/26 15:46:25   Desc
Exhibit Ex. A - Hagh Answer   Page 10 of 11

3. Award Defendant her costs, expenses, and reasonable attorney's fees incurred in defending this action, to the extent permitted by law or contract; and

4. Grant such other and further relief as the Court deems just and proper.

Date: March 12, 2026

Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
915 Rep. John Lewis Way S
Suite 100, Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Bretton Keefer and Afsoon Hagh*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed March 12, 2026 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

*/s/ John Spragens*

Case 3:23-ap-90036   Doc 89-1   Filed 03/12/26   Entered 03/12/26 15:46:25   Desc
Exhibit Ex. A - Hagh Answer   Page 11 of 11