# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | Case No. 3:19-bk-07235 |
| | Chapter 7 |
| CUMMINGS MANOOKIAN, PLLC | Judge Walker |
| Debtor. | Adv. Proc. No. 3:23-ap-90036 |
| BRIAN CUMMINGS, | |
| Plaintiff, | |
| v. | |
| BRETTON KEEFER, JEANNE BURTON, and AFSOON HAGH | |
| Defendants. | |

## DEFENDANT BRETTON KEEFER'S ANSWER
## TO PLAINTIFF'S AMENDED COMPLAINT

Comes now Defendant, Bretton Keefer ("Mr. Keefer" or "Defendant"), by and through undersigned counsel, and submits this Answer and Defenses to the Amended Complaint filed by Plaintiff Brian Cummings ("Plaintiff" or "Mr. Cummings").

## GENERAL DENIAL

Unless specifically and expressly admitted herein, Mr. Keefer denies each and every allegation contained in the Amended Complaint. Mr. Keefer expressly

Case 3:23-ap-90036   Doc 89-2   Filed 03/12/26   Entered 03/12/26 15:46:25   Desc
Exhibit Ex. B - Keefer Answer   Page 1 of 12

denies that Plaintiff is entitled to any damages, attorney's fees, or equitable relief from him. As Plaintiff concedes in his own pleading, Mr. Keefer has already received his net proceeds, and the allocation of the disputed attorney's fees does not affect Mr. Keefer's recovery.

## PARTIES, VENUE, AND JURISDICTION

1. Mr. Keefer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 regarding Plaintiff's current residency, and therefore denies the same.

2. Mr. Keefer admits that Plaintiff performed some legal work in Davidson County, Tennessee. Mr. Keefer affirmatively states that Plaintiff committed professional malpractice during his representation and ultimately abandoned Mr. Keefer.

3. Mr. Keefer admits that he was the plaintiff in Davidson County Circuit Court Case No. 19C358 (the "Shoemaker Matter"), and that the original complaint was filed in February 2019. Mr. Keefer denies that he received the ultimate benefit of Plaintiff's work, as Plaintiff voluntarily abandoned the representation and his fiduciary duties long before the case was successfully resolved. Moreover, the Complaint referenced in this Paragraph as having been drafted by Mr. Cummings was stricken by the Court due to its extreme deficiencies in drafting.

4. Mr. Keefer admits the allegations in Paragraph 4.

5. Mr. Keefer admits that Plaintiff withdrew from Cummings Manookian in 2018 and that the firm was subsequently placed into bankruptcy. Mr. Keefer is

Case 3:23-ap-90036   Doc 89-2   Filed 03/12/26   Entered 03/12/26 15:46:25   Desc
Exhibit Ex. B - Keefer Answer   Page 2 of 12

without knowledge or information sufficient to form a belief as to the remaining characterizations or legal implications asserted in Paragraph 5.

6. Mr. Keefer admits the allegations in Paragraph 6.

7. Mr. Keefer admits that Plaintiff performed some work on the Shoemaker Matter while at Cummings Manookian, but denies that Plaintiff is individually entitled to any fees for such work. Mr. Keefer admits that any such work was an exceedingly small amount.

8. Denied.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, it is denied.

10. Paragraph 10 states a legal conclusion regarding venue and jurisdiction in state court to which no response is required.

## FACTS AND CLAIMS

11. Mr. Keefer admits that he executed an Attorney-Client Agreement in April 2017 ("2017 Agreement"). Mr. Keefer affirmatively states that the 2017 Agreement is a written document that speaks for itself, and any allegations inconsistent with its plain text are denied. Mr. Keefer admits the agreement contained a contingency fee provision.

12. Mr. Keefer admits that Plaintiff remained counsel of record after leaving Cummings Manookian. Mr. Keefer denies the remaining characterizations in Paragraph 12.

Case 3:23-ap-90036   Doc 89-2   Filed 03/12/26   Entered 03/12/26 15:46:25   Desc
Exhibit Ex. B - Keefer Answer   Page 3 of 12

13. Mr. Keefer admits that Plaintiff withdrew as counsel in October 2020. Mr. Keefer denies any characterization regarding the value or quality of Plaintiff's work, affirmatively stating it was deficient and constituted malpractice.

14. Mr. Keefer admits that Plaintiff withdrew as counsel in October 2020. Mr. Keefer is without knowledge or information sufficient to form a belief regarding Plaintiff's undocumented communications with the Board of Professional Responsibility (BPR), and therefore denies the same. Mr. Keefer affirmatively states that Plaintiff's withdrawal was a voluntary business decision triggered by Mr. Keefer's refusal to sign a new, highly restrictive engagement agreement demanded by Plaintiff.

15. Mr. Keefer vehemently denies the allegations in Paragraph 15. Plaintiff's withdrawal was a voluntary choice initiated by him, thereby contractually forfeiting his right to an attorney's fee.

16. Mr. Keefer denies the allegations in Paragraph 16.

17. Mr. Keefer admits he received a letter from Plaintiff in October 2020. The letter is a written document that speaks for itself. Mr. Keefer denies that he, as the client, was under any legal, contractual, or equitable obligation to formally "dispute" Plaintiff's self-serving characterizations of his abandonment of the case.

18. Mr. Keefer admits Plaintiff filed a Motion to Withdraw and that no opposition was filed. All other allegations are denied.

19. Mr. Keefer admits the allegations in Paragraph 19.

Case 3:23-ap-90036   Doc 89-2   Filed 03/12/26   Entered 03/12/26 15:46:25   Desc
Exhibit Ex. B - Keefer Answer   Page 4 of 12

20. Mr. Keefer admits Plaintiff filed a document titled "Notice of Attorney's Lien". Mr. Keefer denies the lien has any legal or contractual validity.

21. Mr. Keefer admits the allegations in Paragraph 21.

22. Mr. Keefer admits the Shoemaker Matter settled in October 2021 with court approval.

23. Mr. Keefer admits the Circuit Court approved the minor settlement. The court's order speaks for itself.

24. Paragraph 24 asserts a legal conclusion to which no response is required. To the extent a response is required, it is denied.

25. Denied.

26. Denied.

27. Denied.

28. Admitted that Mr. Cummings prepared a Complaint that was ultimately stricken by the Court for being wholly deficient and incompatible with Tennessee pleading standards.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Admitted that Brian Manookian worked on the Keefer matter.

Case 3:23-ap-90036   Doc 89-2   Filed 03/12/26   Entered 03/12/26 15:46:25   Desc
Exhibit Ex. B - Keefer Answer   Page 5 of 12

36.     Admitted.

37.     Denied.

38.     Admitted.

39.     Mr. Keefer admits that Plaintiff advanced certain litigation expenses.

40.     Denied.

41-42. Mr. Keefer is without knowledge or information sufficient to form a belief as to Plaintiff's trial history or board certifications, and therefore denies the same as entirely irrelevant to this contractual fee dispute.

43.     Mr. Keefer admits the allegations in Paragraph 43.

44.     Mr. Keefer admits Plaintiff has not been paid an attorney's fee. Mr. Keefer affirmatively states Plaintiff is not legally, equitably, or contractually entitled to one.

45.     Mr. Keefer admits the allegations in Paragraph 45, specifically that "the amount of money determined to be provided to Mr. Cummings… does not change the amount of net proceeds to Mr. Keefer". Because Plaintiff admits he seeks no relief affecting Mr. Keefer, Mr. Keefer is a nominal defendant who should be dismissed.

46.     Mr. Keefer admits that Plaintiff is seeking funds that would otherwise be distributed to the involved law firms. Mr. Keefer denies that Ms. Hagh *individually* receives the attorney's fee, as the fees belong to the corporate entity Hagh Law PLLC.

6

47-50. Mr. Keefer admits the allegations in Paragraphs 47 through 50 regarding John Edwards and his firm's compensation, with the exception that Mr. Edward's agreement was with Hagh Law, PLLC as evidenced by the written agreement, not with Afsoon Hagh.  All other allegations are denied.

51.    Denied.

52.    Admitted

53.    Denied.

54.    Mr. Keefer denies that Ms. Hagh individually possesses any fee share, which belongs to Hagh Law PLLC.

55.    Denied.

56.    Denied.

57-65. Mr. Keefer admits the existence of the 2019 Manookian Agreement. Mr. Keefer affirmatively states that the written agreement speaks for itself, and any allegations inconsistent with its plain text are denied. All other allegations are denied.

66-68. Mr. Keefer denies the allegations in Paragraphs 66 through 68. Plaintiff's expectations of compensation are irrelevant where his own drafted contract expressly denies him a fee upon voluntary withdrawal.

69.    Mr. Keefer denies the allegations in Paragraph 69.

70.    Mr. Keefer denies Ms. Hagh would be unjustly enriched as his agreement was with Hagh Law, PLLC as documented by the agreement itself.  Mr.

Keefer affirmatively states that *he* has not been unjustly enriched, as Plaintiff concedes Mr. Keefer only received his rightful, undisputed net proceeds.

71-73. Mr. Keefer denies the allegations in Paragraphs 71 through 73. Plaintiff expressly waived his right to an attorney's fee by drafting, signing, and subsequently triggering the "Withdrawal" clause of the 2017 Agreement.

74. Mr. Keefer admits he signed the agreements. The documents speak for themselves.

75. Paragraph 75 states a legal conclusion to which no response is required. To the extent a response is required, it is denied.

## AFFIRMATIVE DEFENSES

Defendant Bretton Keefer asserts the following affirmative defenses, reserving the right to amend or add defenses as discovery proceeds:

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted against Bretton Keefer. Plaintiff alleges no wrongdoing, breach of contract, or tortious conduct by Mr. Keefer. Furthermore, Plaintiff explicitly admits in his Amended Complaint that Mr. Keefer has already received his net proceeds and that the outcome of this fee dispute "does not change the amount of net proceeds to Mr. Keefer". Because Plaintiff seeks no monetary or equitable relief from Mr. Keefer, the claims against him must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Case 3:23-ap-90036    Doc 89-2    Filed 03/12/26    Entered 03/12/26 15:46:25    Desc
Exhibit Ex. B - Keefer Answer    Page 8 of 12

Mr. Keefer is a nominal defendant who has no financial stake in the disputed funds currently held in the attorney trust account. The United States District Court for the Middle District of Tennessee has already found in this matter that Mr. Keefer "stands to gain or lose nothing, regardless of how the fees are ultimately distributed". This unappealed finding constitutes the Law of the Case. Forcing a former client to participate in a vexatious fee dispute between his former lawyers when he has no financial interest in the outcome is oppressive and improper.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for attorney's fees are barred by the express terms of the 2017 Attorney-Client Agreement, which Plaintiff himself drafted. The contract explicitly provides for a fee only if the client "discharges" the firm, but strictly limits the firm's recovery to advanced costs if the attorney chooses to "withdraw". Plaintiff voluntarily abandoned his client in October 2020. Because he triggered the withdrawal clause, he contractually forfeited any claim to a contingency fee.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from equitable recovery because he breached his fiduciary duties to Mr. Keefer. In September 2020, Plaintiff attempted to force Mr. Keefer to sign a new engagement agreement with a new law firm containing onerous terms, including a mandate that Mr. Keefer leave a "5/5 stars" online review for Mr. Cummings' new law firm. When Mr. Keefer exercised his right to refuse the new contract, Plaintiff abruptly abandoned the representation on the eve of expert

Case 3:23-ap-90036   Doc 89-2   Filed 03/12/26   Entered 03/12/26 15:46:25   Desc
Exhibit Ex. B - Keefer Answer   Page 9 of 12

discovery.  Plaintiff cannot seek equitable compensation after willfully abandoning his client in order to serve his own financial and reputational interests.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from equitable recovery under the doctrine of unclean hands due to his commission of professional malpractice during his representation of Mr. Keefer.  Under Tennessee law, a medical malpractice plaintiff must secure a pre-suit opinion from an expert licensed in Tennessee or a contiguous state. <u>Plaintiff retained an expert licensed solely in a non-contiguous state and subsequently filed a false certificate of good faith with the Court, which he fraudulently concealed from Mr. Keefer as well as the other attorneys working on Mr. Keefer's behalf</u>.  This gross negligence severely jeopardized Mr. Keefer's claims, exposed him to liability for fraud in the inducement, and ultimately significantly reduced the amount of the settlement.  An attorney who commits malpractice and jeopardizes his client's case is not entitled to a quantum meruit fee in equity.

## SIXTH AFFIRMATIVE DEFENSE

Under the terms of the 2017 Agreement, a withdrawing attorney is entitled solely to the reimbursement of advanced costs. Plaintiff has admitted that he has already been fully reimbursed for the litigation expenses he advanced. Therefore, Plaintiff has already received the entirety of the compensation to which he is legally and contractually entitled.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for unjust enrichment and *quantum meruit* are barred as a matter of law. Under Tennessee law, equitable remedies are strictly unavailable where a valid, express contract governs the subject matter of the dispute. Because the 2017 Agreement explicitly governs the financial consequences of Plaintiff's withdrawal, he cannot bypass the contract by seeking equitable relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Defendant Bretton Keefer respectfully requests that this Court:

1. Dismiss the Amended Complaint against Bretton Keefer with prejudice;

2. Enter judgment in favor of Defendant Bretton Keefer on all claims;

3. Award Defendant his costs, expenses, and reasonable attorney's fees incurred in defending this vexatious action; and

4. Grant such other and further relief as the Court deems just and proper.

Case 3:23-ap-90036   Doc 89-2   Filed 03/12/26   Entered 03/12/26 15:46:25   Desc
Exhibit Ex. B - Keefer Answer   Page 11 of 12

Date: March 12, 2026

Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
915 Rep. John Lewis Way S
Suite 100, Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Bretton Keefer and
Afsoon Hagh*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed March 12, 2026 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

*/s/ John Spragens*

Case 3:23-ap-90036   Doc 89-2   Filed 03/12/26   Entered 03/12/26 15:46:25   Desc
Exhibit Ex. B - Keefer Answer   Page 12 of 12