Charles M. Walker
U.S. Bankruptcy Judge
Dated: 7/25/2022



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No: 3:19-bk-07235 |
| Cummings Manookian, PLLC, | ) Chapter 7 |
|     Debtor | ) Honorable Charles M. Walker |
| | ) |
| Jeanne Ann Burton, | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) Adversary: 3:20-ap-90002 |
| | ) |
| Hagh Law, PLLC, | ) |
| Afsoon Hagh, | ) |
| Manookian, PLLC, and | ) |
|     Defendants | ) |

## ORDER DENYING DEFENDANTS' MOTION FOR ENTRY OF UNOPPOSED SUMMARY JUDGMENT ON ALL CLAIMS

Defendants, Hagh Law, PLLC, Afsoon Hagh, and Manookian, PLLC, have moved this Court for entry of unopposed summary judgment in their favor (See Dkt. #203, hereinafter "Motion") as to all claims contained in the adversary complaint in advancement of their motion for summary judgment (Dkt. #188) filed June 24, 2022. For the reasons stated below, the Motion is DENIED.

### Procedural Posture

This adversary proceeding was filed on January 8, 2020, by Jeanne Ann Burton, the Chapter 7 Trustee in the underlying bankruptcy proceeding of Debtor Cummings Manookian, PLLC, a now defunct law firm. (Dkt. #1). The complaint filed by the trustee put forward seven claims for relief; conversion, state law fraudulent transfer, avoidance and recovery of fraudulent

1

transfers, tortious interference with contract, successor liability and alter ego, turnover, and declaratory judgement.

On May 5, 2022, Manookian, PLLC and Brian Manookian, a non-party to this proceeding, entered a Motion to Disqualify Bankruptcy Judge Charles M. Walker. (Dkt. # 161). In support of this motion, Defendant Manookian, PLLC entered a Notice of Deposition of Judge Charles M. Walker seeking testimony related to the circumstances alleged to provide grounds for recusal. (Dkt. #177). The Court entered an Order Quashing Notice of Deposition on June 1, 2022. (Dkt. #178). Brian Manookian and Manookian, PLLC appealed this Order to the United States District Court on June 14, 2022. (Dkt. #184). The matter currently remains pending on appeal.

On June 24, 2022, subsequent to the filing of the appeal, Defendants filed the aforementioned Motion for Summary Judgment, seeking summary judgment on all seven claims. (Dkt. #188). To date, the Plaintiff has filed no response to the Motion for Summary Judgment. The Motion for Recusal was set for hearing on June 29, 2022. At that time, the Court read a statement into the record wherein the effect of the appeal on the jurisdiction of this Court was acknowledged:

> Based on the pendency of the appeal in the United States District Court for the Middle District of Tennessee, this Court is divested of jurisdiction over aspects of the case subject to the appeal. Here, the appeal is from an Order Quashing a Deposition request in furtherance of a Motion to Disqualify the judge. The appeal is directly related to the issue of this judge's ability to render judgement in this case.
>
> *Statement of the Honorable Charles M. Walker read into the record on June 29, 2022, at hearing (See Exhibit A incorporated herein).*

On July 15, 2022, Defendants filed the instant Motion for Entry of Summary Judgement on All Claims and a proposed order.

## Discussion

"A federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

"This transfer of power, however, does not effect a total divestiture of jurisdiction from the district court: it retains jurisdiction to enforce its judgment, to proceed with matters that will aid the appellate process, and to adjudicate matter unrelated to the issues on appeal." *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013) (citations omitted). The limited jurisdiction which a district court retains to take actions in aid of an appeal is a "narrowly defined" class of actions, which "does not include actions that alter the case on appeal". *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019) (internal quotations omitted). See also *United States v. Gallion*, 534 Fed. Appx. 303, 310 (6th Cir. 2013) ("[T]he test of whether an issue is collateral to a claim on appeal, and therefore whether a district court may retain jurisdiction . . . considers whether the action by the district court would alter the status of the case as it rests before the Court of Appeals".)(citation omitted) "Any action of the district court pertaining to matters involved in the appeal is null and void and will be vacated". *Kelley v. St. Paul Fire & Marine Ins. Co.*, No. 87-1639, 1988 U.S. App. LEXIS 11765 at *8 (6th Cir. Aug. 29, 1988).

It is well settled law that entry or alteration of a judgment, including summary judgment, alters the status of a case such that it disturbs a matter on appeal. See *Knutson v. AG Processing, Inc.*, 302 F.Supp.2d 1023, 1030 (N.D. Iowa 2004)(citing *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990))(*rev'd on other grounds, Knutson v. AG Processing, Inc.*, 394 F.3d 1074 (8th Cir. 2005)). See also *Landman v. Mitchell*, 445 F.2d 274, 275 (5th Cir. 1971) (observing that a party's filing of an appeal divested the district court of jurisdiction to enter any order on that party's subsequent motion for summary judgment); *United States v.*

3

*Brown*, 17 Fed. Appx. 367, 368–69 (6th Cir. 2001) (declaring that a district court did not have jurisdiction to address a motion to dismiss an indictment pending an appeal); *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (emphasizing a distinction "between actions that merely aid the appellate process and actions that alter the case on appeal"); *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984) (declaring that a district court lacked jurisdiction to alter the status of a sentence while an appeal was pending). *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) ("[A] district court may not alter or enlarge the scope of its judgment pending appeal"); *United States v. Harvey*, 996 F.3d 310, 313 (6th Cir. 2021) (determining that a district court could not issue an opinion after an appeal had been filed); *United States v. Sutton*, 573 Fed. Appx. 560, 562 (6th Cir. 2014) (filing of an appeal removed the district court's jurisdiction to enter a judgment); *Washington v. Kelly*, No. 1:05-CV-577, 2009 WL 233711 at *3 (N.D. Ohio Jan. 30, 2009) (declaring that a pending appeal removed the court's jurisdiction to consider either a motion for default judgment or a motion to disqualify the judge).

The appeal in this case is directly related to the ability of this Court to continue adjudication of this matter, and an entry of summary judgment would clearly alter the status of matters involved in the appeal. Therefore, because this Court lacks jurisdiction at this time to adjudicate the relief requested in the Motion and for the reasons stated in this Court's statement read into the record at the June 29, 2022, hearing (See attached Exhibit A incorporated herein), the Motion for Entry of Unopposed Summary Judgment on All Claims (Dkt. #203) is DENIED.

***THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE***

# EXHIBIT A

**Burton v Hagh, et al                    20-ap-90002**

**Statement Read Into the Record June 29, 2022**

On June 14, 2022, Defendant, Manookian PLLC and a member of that Defendant – a non-party to this proceeding - Brian Manookian, filed a Notice of Appeal and Statement of Election from this Court's June 1, 2022, Order Quashing the Notice of Deposition of Charles M. Walker, the judge assigned to the adversary, following the filing of a Motion to Disqualify the bankruptcy judge assigned this case.

Based on the pendency of the appeal in the United States District Court for the Middle District of Tennessee, this Court is divested of jurisdiction over aspects of the case subject to the appeal. Here, the appeal is from an Order Quashing a Deposition request in furtherance of a Motion for Disqualify the judge. The appeal is directly related to the issue of this judge's ability to render judgment in this case.

On the filing of a timely notice of appeal, the lower court is "[divested] of its control over those aspects of the case involved in the appeal" and the appellate court assumes jurisdiction. *Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).* Once the appeal has been filed the court cannot take any action that would "alter the status of the case as it rests before the Court of Appeals". *Knutson v. AG Processing, Inc.,* 302 F.Supp.2d 1023, 1029 (N.D. Iowa 2004) (citing *Dayton Indep. Sch. Dist. V. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990))(*rev'd on other grounds*, *Knutson v. AG Processing, Inc.,* 394 F.3d 1074 (8th Cir. 2005)).

The Defendants have filed a Motion for Summary Judgment. Summary Judgement is considered among those action that are impermissible for a lower court to adjudicate as it would disturb the case before the appellate court. Considering that the Defendants seek a ruling on summary judgement on all claims, it follows that any ruling on such a motion would disturb the

case as it sits before the appellate court. Allan Ides, *The Authority of a Federal District Court to Proceed After a Notice of Appeal has Been Filed*, 143 F.R.D. 307, 308 (1992). *See also*, *Landman v. Mitchell*, 445 F.2d 274, 275 (5th Cir. 1971)(upholding a District Court's decision to enter no order on a motion for summary judgement that was filed three weeks after a notice of appeal due to lack of jurisdiction).

The Plaintiffs have filed an Expedited Motion for Status Conference and this Court has entered an Order setting that Conference, as well as a deadline to reply to the motion. Although the Court lacks jurisdiction to entertain any proceedings in this case that implicate the issues presented by the pending appeal, the Court retains limited authority to address ministerial affairs such as the evidentiary housekeeping issues present by the pending motion for a status conference, which has no bearing on the disposition of the appeal. "The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Citing the *Griggs* case at P.58. "It is generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Ibid*. However, in certain circumstances limited power is retained to address aspects of the case not involved in the appeal, when the court's action "do[es] not threaten the orderly disposition of the interlocutory appeal." *Sanford v. Russell*, 2019 WL 12074092, at *1 (E.D. Mich. June 4, 2019) (citations omitted). This Court therefore, may issue the scheduling of evidentiary motions, but will not rule on those issues pending the appellate process as such scheduling will not affect any rights at stake in the pending appeal. Pretrial and Status Conference are set for July 13, 2022, at 11:00 a.m. in person in this Courtroom.

Therefore, given the issue on appeal, all matters before this Court are stayed pending the appeal. Ruling on discovery issues is stayed as well, except that the scheduling order entered regarding the Motion for Status Conference remains in effect. Moreover, the Court notes that the appeal is from one order of this Court and does not serve to disturb orders previously entered in this case.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

8